CHARLES AHLBECK *vs.* ST. PAUL, MINNEAPOLIS & MANITOBA RAILWAY COMPANY.

November 20, 1888.

**Carrier — Checking Baggage — Depot Company held Agent of Railway Company.**—Where a railroad company's trains, by an arrangement with another company, regularly enter and depart from the depot of the latter, to which the former company intrusts the business of handling and checking the baggage of its passengers, and furnishes its own checks therefor, such company must be deemed the agent of the first-named company in respect to such business.

**Same—Exchange of Baggage Checks—Presumption from Possession of Check.**—The possession of a baggage check by a railway passenger is *prima facie* evidence that the carrier has received and is in possession of his personal baggage; and where he delivers such check to the agent of a connecting railroad company, and receives its check in exchange therefor, the presumption is, in the absence of proof to the contrary, that the baggage is received in due course by the latter company, and it is responsible therefor.

Appeal by plaintiff from a judgment of the district court for Swift county, where the action was tried before *John H. Brown,* J., and a dismissal ordered. The action was to recover the value of a trunk and its contents.

*S. H. Hudson,* for appellant.

*M. D. Grover,* for respondent.

VANDERBURGH, J.   It is admitted that the plaintiff purchased of defendant a ticket entitling him to be carried as a passenger, with his personal baggage, as alleged in the complaint.   The evidence on plaintiff's behalf tended to prove that he came by. rail from Port Huron, where his trunk containing his baggage was checked, and where he last saw it, by way of Chicago; and at the latter place he was given another check therefor by the Chicago & Northwestern Railway Company, on whose road he came to St. Paul.  At the Union Depot, at the latter place, he exchanged the check of the Northwestern Company for the local check of the defendant over its road to Grove City, in this state, where the defendant tendered to him a trunk not his own, to which was attached a duplicate of the check last received by him.   The trains of the defendant enter and depart from the Union Depot, where it has no separate place or facilities for handling baggage, but all the baggage received or delivered there by the defendant is handled by the depot company, to which the business is intrusted by the defendant; and that company checks the baggage, makes exchanges of checks thereon as may be required, using the checks of the defendant, which are furnished for such purposes.   Upon this evidence a *prima facie* case was made for the plaintiff.

1. The depot company must be considered the agent of the defendant in the premises, and the latter is presumptively bound by its acts.

2. The baggage check is in the nature of a receipt, and is evidence of the delivery, ownership, and identity of the baggage.   *Hickox* v. *Naugatuck R. Co.,* 31 Conn. 281, (83 Am. Dec. 143.)   The check received by plaintiff at Port Huron was *prima facie* evidence that the carrier received and had possession of his trunk.   Upon the first exchange at Chicago, the check there received by the plaintiff was *prima facie* evidence that his trunk had passed under the control of the Northwestern Railway Company, and, upon the next exchange for the check of the defendant, a like presumption arose in his favor against the defendant.   This method of doing business is adopted by public carriers

for the purpose of facilitating the transfer of baggage, and for the convenience of the passenger, and devolves the care of his baggage upon the agents of the several lines of road over which he takes a continuous passage, and is intended to relieve him from such care. The burden, therefore, rested upon the defendant to show that the mistake was not its own; or, in other words, that it received from the connecting road the same trunk which it tendered to the plaintiff. Thomp. Carr. 514; *Davis* v. *Michigan Southern, etc., R. Co.*, 22 Ill. 278, (74 Am. Dec. 151.)

Judgment reversed, and case remanded for trial.