JAMES C. AIKIN et al., Respondents, *v.* ROBERT E. WESTCOTT, as President, etc., Appellant.

In an action against the W. Express Co. to recover a trunk and contents, it appeared that plaintiffs' agent took passage by railroad and checked the trunk at Detroit for New York city; that he stopped over *en route*, and the trunk arrived at the Grand Central depot twenty-four hours before him; it was taken out of the car on its arrival by defendant's employes, but was left in the baggage-room of the railroad company and in its possession and control, to be delivered in accordance with custom to anyone presenting the check. H. gave the check to defendant's agent on the train, who upon reaching New York, searched for the trunk, but it could not be found. *Held*, that plaintiffs failed to show a delivery of the trunk to defendant; and so, it was not liable.

(Argued October 7, 1890; decided October 28, 1890.)

APPEAL from order of the General Term of the Court of Common Pleas for the city and county of New York, made

May 19, 1888, which reversed a judgment in favor of defend-ant entered upon a decision of the court on trial at Circuit.

This action was brought to recover a trunk and its contents and damages for the detention thereof.

The facts, so far as material, are stated in the opinion.

*Austen G. Fox* for appellant.    The receipt for the check was not a receipt for the trunk.    (*Becht* v. *Corbin*, 92 N. Y. 658.)

*William A. Abbott* for respondents.    Where plaintiff has been nonsuited, all disputed facts are to be decided in his favor, and all presumptions and inferences which he had a right to ask from the jury are to be conceded to him.    (*Cook* v. *N. Y. C. R. R. Co.*, 1 Abb. Ct. App. Dec. 432.)    If, in any view of the evidence, a verdict might have been ren-dered for the plaintiff, a case should not be taken from the jury by a nonsuit.    (*Clemence* v. *City of Auburn*, 66 N. Y. 334, 338.)

Peckham, J.    The only question in this case as the plaintiffs concede, is whether there was any evidence to show that the express company actually received into its custody the trunk in controversy.    Upon the undisputed evidence, we are of the opinion that no delivery of the trunk to the express company was shown.

We may assume that the trunk reached the city of New York at the same time as the other one which was checked with it at Detroit for the same destination.    They both reached the Grand Central depot in the city twenty-four hours earlier than did the person who had procured them to be checked and who was an employe and agent of the plaintiffs.    He stopped over for a day in Buffalo.

It cannot be disputed that when baggage is transported by rail and inside a baggage-car, and arrives under the roof of the Grand Central depot in the city of New York, it is still in the custody and control of the railroad company which has

transported it. These trunks were taken out of the Central-Hudson baggage-car upon its arrival at the Grand Central station by employes of the express company, but such trunks were not by that act taken out of the custody and control of the railroad company. On the contrary they were left at the Grand Central depot at the incoming baggage-room where all baggage is delivered, and although they were taken out of the car by employes of the defendant, they were left under the control and in the possession of the railroad company in its own baggage-room in the depot. There they would ordinarily remain like other baggage until called for by some one who had checks for them.

When the trunks were thus taken out of the car at New York, the plaintiffs' agent, who had procured them to be checked at Detroit, still had the checks with him at Buffalo where he was remaining for the day, and it cannot be pretended from the evidence that the defendant at that time had any right to their possession whatever.

The next day the plaintiffs' agent left Buffalo on the Central-Hudson railroad for New York, and at Poughkeepsie an agent of the defendant boarded the train, and as the train was going around Peekskill curve, which would be about ten minutes past eight in the evening, he received the checks from plaintiffs' agent for the purpose of thereby obtaining the baggage, and delivering it at plaintiffs' place of business in Maiden Lane the next day. The agent of the defendant after he received the checks went to the baggage-car to find the trunks, and not finding them went back and told the plaintiffs' agent of that fact, and was informed by him that they had preceded him twenty-four hours. About seven minutes after the arrival of the train at the depot in New York, the express messenger made search for this trunk, and there was a thorough search made at that time and the trunk could not be found, and was not found thereafter by the defendant or its employes so far as appears. It was seen some time subsequently at police headquarters, and a man was convicted in New York for stealing it. There is no evidence positively identifying this trunk

as ever having been found in the baggage-car at New York or taken out of it and placed in the baggage-room, but I think both facts might be inferred from the evidence by a jury, and I have assumed them.

The only evidence which looks towards proof of a delivery of the baggage to the defendant, is that of the witness Delaney and that falls far short of proving that fact. He was an employe of defendant, it is true, and he and other of its employes assisted in taking all the baggage which came in the depot from incoming trains and then a tab was put on it. But after this was done, the baggage was taken to the railroad baggage-room, and whoever brought a check was given the baggage to which its corresponding check was attached. It might be the owner personally who came, it might be his private servant, or it might be the express messenger, and in any event the baggage was delivered to the one having the corresponding check. Up to the time of the surrender of the check, and while the baggage was lying in the baggage-room of the railroad company, although placed there by the defendant's employes when they took it out of the baggage-car, the baggage cannot be said to have passed out of the control and possession of the railroad company or to have been delivered into that of the defendant. When the checks were delivered to the defendant's messenger, he was thereby clothed with the right to obtain possession from the railroad company of the trunks they represented, but up to the time that such checks were presented, the trunks upon the facts in this case remained in the possession of the railroad company. The defendant received the check representing the trunk in question, and within seven minutes of the time when the train arrived made a thorough but unsuccessful search for it, and it never was received by the defendant. During the twenty-four hours which succeeded the arrival of the trunk in New York, and which immediately preceded the search, the trunk was not and had not been in the possession of defendant, it had not been delivered to it, and until a delivery is shown, it cannot be made responsible for its loss.

The order of the General Term reversing judgment of nonsuit at Circuit and granting a new trial should be reversed, and the judgment of nonsuit affirmed with costs in all courts to defendant.

All concur.

Order reversed and judgment affirmed.