such copies as were sold at the Elevated stands on and after Monday, October 5th." The defendants conceded there was due plaintiff $13.56, but the jury found a verdict for the full amount claimed, which was set aside for the reasons stated.

It is unnecessary to critically analyze the testimony herein for the purpose of determining the weight to be attached to any portion thereof, because we agree with the trial justice that the inherent probabilities are against the plaintiff. So anxious was he to introduce his paper, that for an indefinite period antedating the contract in question he furnished daily to defendants a number of copies gratis, the only stipulation being that they were to retail them at a certain price. Plaintiff's letter bears out the theory of defendants' version of the agreement, and the conclusion reached by the trial justice commends itself to our approval as proper under the circumstances. As was said in Ferguson v. Gill, 74 Hun, 568, 26 N. Y. Supp. 596:

"In passing upon a motion of this character, it must be remembered that the trial judge has had the advantage of seeing the witnesses, hearing their testimony, noting their manner, and of becoming impressed with the weight to be attached to evidence offered, which it is impossible to have photographed upon the record on appeal. And in a case where he becomes impressed with the preponderance in favor of either side, or thinks that injustice has been done by the verdict, it is a proper exercise of the power vested in him to set aside such a verdict."

We conclude, therefore, that there has not been an abuse of judicial discretion herein, and it follows that the order appealed from must be affirmed, with costs and disbursements.

Order affirmed, with costs.

O'DWYER, J., concurs.

---

(38 Misc. Rep. 802.)

### LUSTIG v. INTERNATIONAL NAV. CO.

(City Court of New York, General Term. June, 1902.)

1. BAGGAGE—DELIVERY TO CARRIER—EVIDENCE—SUFFICIENCY.
   Evidence examined, and *held* insufficient to show that plaintiff's baggage was ever delivered to defendant carrier.

2. SAME—BURDEN OF PROOF.
   The burden is on a passenger seeking to hold a carrier liable for her baggage to prove a delivery thereof to the carrier.

Appeal from trial term.

Action by Dora Lustig, by Moses Lustig, her guardian ad litem, against the International Navigation Company. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

Argued before DELEHANTY and O'DWYER, JJ.

Robinson, Biddle & Ward (Charles M. Hough, Norman B. Bucher, of counsel), for appellant.

John Bogart, for respondent.

DELEHANTY, J. The judgment and order appealed from must be reversed. The conceded question in the case, upon which all others hinge, is whether the defendant ever received into its care the baggage in question. If there was no delivery to it, there could be no liability, for such only attaches from the time of delivery and acceptance. Grosvenor v. Railroad Co., 39 N. Y. 34. The most favorable inference to be drawn from the testimony in aid of plaintiff's contention that there was a delivery brings it far from the point of connection. The plaintiff's own testimony is to the effect that when she arrived at Antwerp she took the receipt or bill of lading which she had received for her baggage at Slatro when she commenced her journey, and gave it to the trainman, who in return gave her a freight receipt for same. This was in the railroad station, and then and there she says she saw her baggage. This freight receipt purports upon its face to have been issued by the Imperial Royal Austrian Government Railways, and on the reverse thereof is written, "Baggage will follow as soon as it arrives," and stamped, "Red Star Line, Antwerp, May 25th, 1901, Baggage Department." While it is conceded that the Red Star Line is part of the defendant corporation, yet I have searched the record in vain to discover authority in any one to place its stamp in writing upon the back of that paper; and yet it in itself is relied on to connect and bind defendant in this case. There is not a vestige of evidence of delivery to defendant, and the very paper relied upon negatives the proposition. For, even assuming the stamp and writing in question were regularly placed thereon by defendant's duly authorized agent, the evidence shows that at the time it was done there had been no delivery. The burden was on the plaintiff to show a delivery, and, until she did so, defendant could not be made responsible for the baggage in question. Aikin v. Westcott, 123 N. Y. 363, 25 N. E. 503. The motion to dismiss should have been granted, and for the error thus committed the judgment and order appealed from must be reversed and a new trial granted to appellant, with costs to appellant to abide the event.

Judgment and order reversed, and new trial ordered, with costs to appellant to abide event.

O'DWYER, J., concurs.