ZAMBAKIAN v. WERNER.

(Supreme Court, Appellate Term.  February 4, 1907.)

CARRIERS—LOSS OF GOODS—LIABILITY.

A person delivered to a company in good order a bundle containing speci-
fied articles, and received a check therefor, which he delivered to a car-
rier, who agreed to deliver the goods to him at his address.  The carrier
received the bundle, but did not deliver it.  After the delivery of the check
to it, the bundle, without its contents, was found on its premises.  *Held*
sufficient to show that the carrier received the bundle in good order, ren-
dering it liable for the nondelivery thereof.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Carriers, § 105.]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Ardashes K. Zambakian, an infant, by John Emanuel, his
guardian ad litem, against William H. Werner.  From an interlocutory
judgment sustaining a demurrer to the complaint, and from a final
judgment dismissing the complaint, plaintiff appeals.  Reversed, and
new trial ordered.

Argued before GILDERSLEEVE, BLANCHARD and DAYTON,
JJ.

George S. Kebabian, for appellant.
Girard S. Wittson, for respondent.

DAYTON, J.  The complaint alleges that defendant was a common
carrier, and that plaintiff delivered to John E. Moore Company a
bundle in good order and securely wrapped, containing articles worth
$255, and received from said John E. Moore Company a brass check
marked, "Immigration Depot L. 238," a duplicate of which was attach-
ed to said bundle, which bundle said company agreed to deliver at Ellis
Island to plaintiff's order on presentation of said check to the defendant,
who for a reasonable compensation agreed to transfer and deliver said
bundle to the plaintiff at a specified place in the borough of Manhattan;
that subsequently defendant received a bundle bearing said duplicate
check, but that defendant has failed to deliver any bundle to the plain-
tiff; that plaintiff, several days after the delivery of said check, called at
defendant's premises, and found a bundle bearing said duplicate check
or tag, with plaintiff's address thereon, but that the contents thereof had
been depleted.  Defendant demurred, on the ground that the complaint
did not state facts sufficient to constitute a cause of action, which de-
murrer was sustained, and, the plaintiff having failed to serve an
amended complaint, the action was dismissed.

When the defendant took the duplicate check and agreed for a
consideration to deliver the bundle at a specified address, he entered
into a contract so to do.  That he undertook to carry out his contract
is shown by the allegation of plaintiff's discovery of a bundle on defend-
ant's premises with the plaintiff's check attached, on which was written
plaintiff's said address, given to the defendant.  Respondent con-
tends that the complaint is insufficient, in that it fails to allege that the
specific articles, for the loss of which this action is brought, were in the
bundle when it was received by the defendant.  It seems to me that the

complaint in paragraph 4 does so allege; for, after setting forth in detail the contents of said bundle, in good order, as delivered to John E. Moore Company, in paragraph 3 the allegation is:

"On June 19, 1906, about 2 p. m., plaintiff delivered said brass check to defendant, and defendant then and there agreed for a reasonable compensation, to be paid to him on delivery of said bundle, to transfer and deliver the same to plaintiff at the address given to defendant."

Aiken v. Wescott, 123 N. Y. 363, 25 N. E. 503, is readily distinguishable from the case at bar, for the reason that there was no proof that the trunk had ever reached the express company, while here the fact is that plaintiff's bundle containing some of his property, with his tag or check addressed to its place of destination, was found in defendant's possession. In Springer v. Westcott, 166 N. Y., at page 122, 59 N. E. 693, the court says:

"So far as the rights of the plaintiff are concerned, the defendant had assumed control of the trunk and was bound to make safe delivery thereof to her. By its action it ran the risk of receiving the trunk, with the contents unharmed, from the railroad company, its bailee."

This language is applicable here.

The judgment sustaining the demurrer and the judgment dismissing the action should each be reversed and new trial ordered, with costs to appellant to abide the event. All concur.