### 1029.   ATLANTA BAGGAGE AND CAB CO. *v.* MIZO.

1. A baggage company, engaged in the business of hauling for hire trunks and other baggage of the traveling public, received from a passenger a railroad-check for a trunk, for which check it issued to her a receipt. containing the number of the check, the baggage company agreeing with her to get the trunk that was called for by the check and deliver it to her as directed: *Held*: (*a*) The baggage company was under a legal obligation to deliver the trunk as directed, or return the railroad-check to the passenger. (*b*) The failure to do either, in the absence of a legal excuse, rendered the baggage company liable to the passenger for the market value of the trunk and its contents.
2. While the measure of damages is the market value of the property when lost, any evidence of value, including the purchase-price of the property. is admissible for the. purpose of enabling the jury to find the market. value.
3. The assignments of error are without merit, 'and the verdict is fully supported by the evidence.

Action for damages, from city court of Atlanta—Judge Calhoun. February 21, 1908.

Argued April 22,—Decided June 18, 1908.

. *Dorsey, Brewster, Howell & Heyman, Herbert J. Haas,* for plaintiff in error. *Ben. J. Conyers, Walter T. Colquitt,* contra.

HILL, C. J.   The Atlanta Baggage and Cab Company is a corporation engaged in the business of hauling, for hire, trunks and other baggage for the traveling public, to and from the trains of the railroad companies entering the city of Atlanta. To facilitate its business, its representatives board the incoming passenger-trains for the purpose of soliciting the trunks and baggage of the passengers and receiving from the passengers their railroad baggage-checks. When it receives the railroad-checks from the passengers, the baggage company makes out and delivers to the passengers its receipt for the checks. The railroad-checks are then presented by the baggage company to the railroad company, and it receives

from the railroad company the trunks or baggage called for by the checks, for the purpose of delivery as directed by the passengers. On October 5, 1906, the plaintiff in the court below was a passenger on an incoming train of the Southern Railway Company. An agent of the baggage company solicited and received from her on the train four railroad baggage-checks, for her four trunks, and gave to her, for these checks, the receipts of the baggage company, which contained the numbers of the checks. At the same time, she directed the baggage company to deliver the trunks to her at the Ballard House, in the city of Atlanta. Three of her trunks were delivered, but the fourth trunk was not delivered to her. She made demand on the baggage company for the missing trunk, and, the company failing to deliver it to her or to return to her the railroad-check for it, she brought suit against the baggage company for the value of the trunk and its contents. The jury returned a verdict in her favor, for $500, and the defendant's motion for a new trial was overruled.

1. The verdict in this case on the question of liability was demanded by the uncontroverted facts. The plaintiff in error admitted, that it was a common carrier of baggage; that as such it had received from the defendant, who was a passenger on an incoming train, four railroad-checks issued by the railroad company to her for four trunks; that for these four checks it had delivered a receipt containing the number of each check; that it agreed with the passenger, for a consideration, to deliver the trunks represented by the checks to her address in the city of Atlanta; that it had not delivered one of the trunks, and had not returned to the passenger the check for this trunk; and on the trial it made no explanation of its failure to perform its obligation or of its failure to produce the check. From these facts liability resulted as the only legal and logical conclusion.

The question as to whether the delivery of the checks by the passenger to the baggage company constituted constructive delivery of the trunks was not at all material to the issue presented by the evidence. The issue was as to the actual receipt by the baggage company of the trunk represented by the railroad-check. The possession of this check by the passenger was prima facie evidence that the railroad company had the trunk of which the check was a symbol or token. When this check was delivered by the passenger

to the baggage company, under a contract with the company to get the trunk from the railroad company and deliver it to the passenger's address, and the baggage company did not deliver the trunk, and did not return to the passenger the check, issued by the railroad company so that the passenger might have in her possession this evidence of the receipt of her trunk by the railroad company, in the absence of any explanation by the baggage company of its failure to deliver the trunk or to return the check, liability was clearly established, and so established regardless of whether the delivery by the passenger of the check to the baggage company constituted constructive delivery of the trunk or not. The learned trial judge very properly refused to complicate the simplicity of this issue by giving in charge to the jury the written requests on the question of constructive delivery. He fully covered the issue as to liability in the following instruction: "The burden is on the plaintiff to show that the Atlanta Baggage and Cab Company received those trunks; and if you believe, from the evidence in the case, that this company did receive them, and did not deliver them at the Ballard House to the plaintiff in this case, then the company is liable. If you believe from the evidence that the Baggage and Cab Company never received those four trunks, or one of those four trunks, then the company would not be liable to this plaintiff. Now, whether this company received those trunks is a question that you have got to determine from this evidence. You look to the facts, you look to the circumstances which surround the case, and from all the facts and circumstances pass upon this question as to whether this company did receive that trunk or not; and if you believe, from the facts and from the circumstances which surround it, that this company did receive it, you find for the plaintiff and against the defendant."

In our opinion this charge was more favorable to the baggage company than it was entitled to have given, under the facts in evidence. We do not think that the burden was on the plaintiff to prove that the missing trunk was actually received by the defendant. We think that when she showed that she had delivered her railroad-check for the trunk to the baggage company under a contract, express or implied, that the company would get the trunk from the railroad and deliver it to her at the Ballard House, and showed that the trunk had not been delivered and the check for the trunk

had not been returned, a prima facie case of liability was made óut, and the burden was then cast upon the defendant to show that it either had not received the trunk from the railroad company, or that, if it had received it, it had been prevented in some legal manner from delivering it according to the contract. Nor do we think it at all material to decide whether the baggage company is liable as a connecting carrier. It is simply liable as a common carrier because as such it took the passenger's check, under a contract to get the trunk and deliver it to her address, and failed to perform its contract or to return the check, and made no explanation, either of its failure to perform the contract or of its failure to produce or return the check. Any other rule than the one here announced would relieve transfer or baggage companies from all responsibility for baggage received by them, and would either impose upon passengers great inconvenience or subject them to the danger of losing their baggage without remedy. While a passenger can, under some circumstances, hold the railroad company liable for lost baggage without the production of the railroad-check, we think he can not do so where it is shown that he delivered the railroad-check for the lost baggage to a baggage company, and the check is not otherwise accounted for.

The case of Aiken v. Wescott, 123 N. Y. 363 (25 N. E. 503), relied upon by the plaintiff in error, is not adverse to the principle here decided. In that case the passenger was on his way from Detroit to New York City, and stopped over for a day in Buffalo. His trunk went on to New York City. An agent of the baggage company received from the passenger his check for the trunk. The evidence showed that immediately this agent went to the baggage-car and made a search for the trunk and found that it was not there, and so informed the passenger, and was told by him that the trunk had preceded him to New York. On arrival at New York the agent of the baggage company went to the baggage-room and made a thorough and unsuccessful search for the trunk. The evidence further showed that the trunk in question had never been in the possession of the baggage company, but, on the contrary, had been stolen from the railroad company; and the court, under these facts, very properly held that the baggage company was not liable, because it was shown that the trunk had never been in its possession. In the instant case, if the Baggage and Cab Company

had shown, as matter of defense, that it had never received the trunk represented by the check, but that the trunk had been taken from the possession of the railroad company, and it had so reported to the passenger and returned her check, in order that she might thereby hold the railroad company liable, the facts would have been similar to those of the New York case, and there would, of course, have been no liability on the part of the defendant in this case. We think the whole question can be summed up in the statement that a common carrier of baggage who receives a check from a passenger, under a contract to deliver to the passenger, for a consideration, the trunk represented by the check, is under a clear legal obligation either to deliver the trunk or to return the check, and a failure to do either, in the absence of any legal excuse therefor, renders the common carrier liable in damages for the value of the trunk and its contents. The doctrine herein laid down is so manifestly just as hardly to require the support of authority; but the case of Ahlbeck v. St. Paul, M. & M. Railway Co., 39 Minn. 424 (40 N. W. 364, 12 Am. St. Rep. 661), is very much in point. In that case the court holds, that "The possession of a baggage-check by a railway passenger is prima facie evidence that the carrier has received and is in possession of his personal baggage; and where he delivers such check to the agent of a connecting railroad company, and receives its check in exchange therefor, the presumption is, in the absence of proof to the contrary, that the baggage was received in due course by the latter company, and it is responsible therefor."

Besides the uncontroverted facts which we think sufficient to establish liability in this case, it may be stated that the plaintiff proved by her own testimony and one other witness an admission of the defendant's manager that the trunk had in fact been received by the baggage company, and also showed an advertisement by the baggage company reciting that the trunk had been stolen from its possession, and offering a reward for its return.

2. The court did not err in admitting evidence as to the cost of the articles contained in the trunk. While the measure of damages was the market value of such articles when they were lost, yet it is well settled that proof of the cost of the articles is legitimate evidence, to be considered in determining the market value. *Atlantic Coast Line R. Co. v. Harris*, 1 *Ga. App.* 667 (57 S. E.

1030); *Mayor of Macon* v. *Daley,* 2 *Ga. App.* 355 (58 S. E. 540); *Southern Ry. Co.* v. *Williams,* 113 *Ga.* 335 (38 S. E. 744). The court, in the following charge, clearly instructed the jury on the subject of the damages which could be recovered: "The measure of damages is what is the market value of those goods at the time they were lost. You look to the evidence in the case. The court allowed the evidence of what the value was when bought, but that is not the measure of damages. The court only allowed that so as to enable you to see if that would enable you, or rather to assist you, in determining what they were worth when they were lost; and, in passing upon that, you have got to take into consideration how long they were in the possession of the plaintiff, the wear and tear that would come to them, and all the facts and circumstances which surround it, in passing upon the value of those articles. And then, after you do that, try to reach an honest, fair valuation of it, and give to the plaintiff such damages, such valuation to those goods, as you think under the evidence she is entitled to recover." The assignments of error on this charge are without merit. Neither do we think the court erred in failing to define to the jury the meaning of the words "market value." These words have a plain, definite, and well-understood meaning, as intelligible to the jury as to the court, and an attempt by the court to make them clearer by definition would tend to confuse, rather than to enlighten.

3. There are many other assignments of error, and we have carefully considered each one of them. Our conclusion is that they are less meritorious than the ones specifically considered and decided. The value of the trunk and its contents was exclusively a question for the determination of the jury,' and the verdict of $500 is fully supported by the evidence.    *Judgment affirmed.*