### 3703.   FULLER v. THE STATE.

This case is controlled by *Mulkey* v. *State,* 1 *Ga. App.* 521 (57 S. E. 1022).

DECIDED NOVEMBER 20, 1911.

Accusation of cheating and swindling; from city court of Americus—Judge Hixon.   August 5, 1911.

*Hollis Fort,* for plaintiff in error.

*Zach Childers, solicitor,* contra.

RUSSELL, J.   The defendant was convicted of violating the "labor-contract act" of 1903 (Penal Code of 1910, §§ 715, 716).   The court charged the jury, in effect, that if it was satisfactorily proved that the accused made the contract, and procured money or other thing af value thereon, and failed to perform the service contracted for, or to make restitution, without good and sufficient cause, the burden of proof would then be shifted to the defendant to prove his innocence.   This charge is contrary to the decision in *Mulkey* v. *State,* 1 *Ga. App.* 521 (57 S. E. 1022).   This statute (§ 716) does say that the acts therein enumerated "shall be deemed presumptive evidence of the intent referred to."   Evidence may be presumptive evidence, without being sufficient to establish ,a fact beyond a reasonable doubt.   We held, in the *Mulkey* case, supra, that this statute does not give to the enumerated acts any greater probative value than they previously had; that it merely authorized these facts to be admitted in evidence, to be weighed by the jury as circumstances from which they might or might not infer the guilt

of the accused; that the presumption of innocence was still in the defendant's favor, and that the burden was still on the State to prove its case beyond a reasonable doubt; and that one of the elements still to be proved with this degree of certainty is the intent to defraud.

Counsel for the accused does not properly raise any question as to the constitutionality of this portion of the act, and therefore we are not called upon to pass thereon, otherwise than to recognize the same rule we have always recognized, to wit, that it is the duty of the court to give this statute that construction which will not render it repugnant to either the State or the Federal constitution. We held in the *Mulkey* case (uniformly adhered to since) that the trial is not legally conducted if the judge gives the foregoing provision in charge, unless he also informs the jury as to the attendant limitations referred to above.

*Judgment reversed.*