### 4699. SMITH v. THE STATE.

1. A verdict finding one guilty of "the unlawful shooting of another" is not a nullity, but is to be construed as a conviction of the statutory offense described in section 115 of the Penal Code.

2. The admission of testimony in reference to the absence of the accused at a previous term of the court, and of the indictment which had been returned at that court and subsequently nol. prossed, and the argument of counsel for the State in replying to the objections of the accused to the evidence, and the statements of the trial judge in ruling upon the objections, were not of such prejudicial nature as to require a new trial.

3. A special ground of a motion for a new trial, which is disapproved by the trial judge, can not be considered.

4. The evidence authorized the verdict.

       DECIDED MAY 6, 1913.

Indictment for assault with intent to murder; from Effingham superior court—Judge Hawkins presiding. January 11, 1913.

*H. B. Strange,* for plaintiff in error.

*N. J. Norman, solicitor-general, P. W. Meldrim,* contra.

POTTLE, J. The accused was indicted for assault with intent to

murder one Dewitt, and the jury returned a verdict in the following language: "We, the jury, find the defendant guilty of the unlawful shooting of another." A motion for a new trial was overruled, and the accused excepted.

1. It is argued in the brief of counsel for the plaintiff in error that the verdict is a nullity and amounts to an acquittal. Counsel seeks to raise this question under the general assignment in the motion for new trial, that the verdict is contrary to law. The point might well be disposed of by the observation that it can not be raised in this way. It should have been reached by a motion to arrest the judgment of conviction, or, at least, by a direct attack, on this ground, upon the verdict in the motion for new trial. *Mosley* v. *State,* 11 *Ga. App.* 8. But, aside from this, the point is without merit. Any person is guilty of unlawful shooting at another, when he shoots not "in his own defense or under circumstances of justification." Penal Code, § 115. Verdicts are to have a reasonable intendment, and, since it is unlawful to shoot at another when it is not done in self-defense or under other circumstances of justification, a verdict of guilty of "unlawful shooting at another" will be construed to mean guilty of shooting at another not in self-defense or under circumstances of justification. Indeed counsel for the plaintiff in error so construed the verdict, because in his bill of exceptions it is recited that the jury returned "a verdict of guilty of shooting another not in his own defense." See *Kidd* v. *State,* 10 *Ga. App.* 148 (72 S. E. 718); *Mosley* v. *State,* supra.

2. The accused was a practising attorney and was judge of the city court of the county in which he was tried. He was arrested on August 30, 1910, under a warrant issued the day before, and gave bond for his appearance before the justice of the peace for a preliminary hearing. No commitment trial was ever had, and at the October term, 1910, of Effingham superior court, the accused was indicted for assault with intent to murder. He gave bond on October 15, 1910. At the next term another true bill charging the same offense was found, and at the April term, 1911, the accused was tried, and a nolle prosequi was entered upon the first indictment, upon the statement of the solicitor-general that he had understood some objection would be offered to that indictment, and for that reason the second true bill had been found. Over ob-

jection of counsel for the accused, the court permitted the introduction in evidence of the first indictment, and also allowed testimony that the accused had absented himself from the court at the October term, 1910, that a search had been made for him at his home, and he could not be found, and that he had been seen driving in a buggy through the swamp of the Ogeechee river in Bryan county. The accused returned after the adjournment of the court, and gave bond for his appearance at the April term. When the evidence before mentioned was offered, one of the counsel for the State, in replying to the objections of counsel for the accused, stated, in substance, that the evidence was relevant because the accused was a member of the bar and it was usual for members of the bar to be in attendance on the court; that the sheriff had searched for him and had not found him; and that while court was in session he was seen driving through the river swamp in an adjoining county. The court remarked, "That is on the idea of flight." The accused claimed, that he had no business of any consequence in court, and had gone fishing; that he had given no bond for his appearance at the October term of court, and in fact had not been indicted; that he did not wish to be tried at that term, because he was apprehensive that he could not get a fair trial; that he knew another judge would preside at the April term, and he preferred to go to trial before that judge.

The language used by State's counsel in replying to the objections of the accused was not so prejudicial as to require a new trial; neither will the statement of the trial judge have this effect. Evidently the judge's statement was in the nature of an inquiry to counsel as to whether or not the evidence offered was to show flight. Ordinarily, remarks of counsel in replying to objections of the adversary and statements made by the court in ruling upon such objections will not be cause for a new trial. If the argument of counsel upon such objections is likely to be such as to unfairly prejudice the accused, the trial judge will generally, in the interest of fairness, send the jury out. All these things, however, are matters in his discretion. They come within what has been aptly termed the "police power" of the court; and the action of the judge will not be controlled except in a case of flagrant abuse. The accused, not having been indicted, was under no legal obligation to attend the October term of court. His absence ought not

to have been counted against him, unless there had been some proof that he was attempting to evade a trial. That he had such an intent can not be assumed merely from his absence, when no indictment had been returned against him, and he had as much right as any other citizen to be absent from the court. In view of the fact that a warrant had been issued for his arrest, and that he knew the grand jury would likely consider the accusation against him, together with the fact that he was a member of the bar usually in attendance upon the court, his absence would justly give rise to the suspicion that he was at least not anxious to face his accusers and stand a trial at the October term of court. Indeed he himself says in his statement, in explanation of his absence, that he preferred to be tried at the succeeding term of the court, which he knew would be presided over by a judge other than the one presiding at the October term. When the fact of his absence is considered in the light of the explanation offered by him, and in connection with the fact that he had never been indicted, we hardly think there was enough to justify an inference of flight. Flight generally carries with it the suggestion of an attempt to evade some process of the court. The accused had already been arrested under the warrant, had given bond for his appearance before the committing magistrate, and had never been given a preliminary hearing. He could not be said to be a fugitive from justice, merely because he went into an adjoining county while the court was in session. In view, however, of the evidence in the case, we do not think the admission of the testimony on the theory of flight was so harmful as to demand the granting of a new trial. The guilt of the accused was clearly established. And it will not be assumed that the jury were influenced to convict him by the testimony in reference to his absence from the court to which the indictment was returned. If the case were a close one, the admission of this evidence might be ground for a new trial. But the verdict of guilty of the statutory offense of shooting at another was as favorable to the accused as he could have rightly anticipated under the evidence. The reviewing court will order a new trial only for errors which are prejudicial in their nature.

3. In the sixth ground of the motion for a new trial it is sought to attack the indictment because of the manner in which the grand jury was drawn; but the court declined to certify this

ground, for the reason that "the points therein were not made upon the trial of the case," and that the court knew nothing about the facts. The trial was had before Judge Hawkins, and the matter referred to in the sixth ground of the motion is in reference to the conduct of Judge Sheppard. In view of the judge's refusal to approve this ground, it can not be considered. We may say, however, in passing, that we know of no reason why the judge can not call a special term of court for the purpose of drawing a jury. Section 4876 of the Civil Code provides that the judges of the superior courts are authorized to hold special terms for the trial of criminal cases or the disposition of civil cases, at discretion, and to compel the attendance of jurors of the previous term, or to draw new jurors. The language of the statute is broad, and it seems to us that the court may transact during a special term any business it could transact at a regular term.

4. There is no merit in the assignment that the verdict is without evidence to support it. According to the testimony of the prosecutor, he was unarmed, and was shot twice by the accused— once from the rear when he was going from the accused. According to evidence which the jury had the right to accept, the shooting was without legal justification. There were conflicts in the evidence, but the verdict settled these against the accused. The jury so far accepted his version of the transaction as to reduce the offense to a felony of less degree than the one for which he was indicted, and the trial judge imposed a misdemeanor punishment. The trial judge has approved the verdict; and no errors of law having been committed, this court can not interfere.

*Judgment affirmed.*