22588, 22638.   MILAM *v.* LEWIS *et al.;* and *vice versa.*

DECIDED AUGUST 22, 1933.

*W. H. Terrell,* for plaintiff.   *Hewlett & Dennis,* for defendants.

MacINTYRE, J.   J. L. Milam sued T. J. Lewis and R. E. Edwards in the municipal court of Atlanta, on a promissory note. The note dated Feb. 10th, 1922, was signed by R. E. Edwards, J. L. Giles, E. P. Lewis, and T. J. Lewis.   J. L. Giles and E. P. Lewis were dead.   T. J. Lewis filed a plea alleging that he was merely a surety on the note.   The plaintiff demurred generally to this plea, and this demurrer was overruled.   The case was tried, and a verdict was rendered in favor of the defendant, T. J. Lewis. A motion for a new trial was denied, an appeal was taken to the appellate division of the municipal court of Atlanta, and there the judgment was affirmed.   The plaintiff carried the case to the superior court by writ of certiorari, and again the judgment was affirmed.   Whereupon the case was brought to this court by a writ of error.

■  There were sufficent allegations in the defendant's plea and answer to withstand the motion to strike, in the nature of a general demurrer.

■  During the direct examination of R. E. Edwards, sworn as a witness for the plaintiff, the following occurred:   Q.  "Did anybody on this note sign as security for anybody else on the note?"   A.  "Not that I know of.   I have no knowledge of that." Q.  "I will ask you to state whether or not anybody signed as security for you."   A.  "I did not so understand it."   Q.  "I will get you to state whether or not any statement was ever made

that T. J. Lewis was signing the note as security for you or anybody else on the note?" A. "No, sir. I never heard anything of that kind. No statement of that kind was ever made to me that I have any remembrance of." Upon objection by counsel for defendant Lewis, these questions and answers were excluded. The first and second questions called for a legal conclusion, and were objectionable for that reason. The witness might properly have been asked to state the circumstances under which the note was signed, the order in which it was signed, and other matters from which it might be determined whether or not the parties signing were makers or sureties. The third question was objectionable, because no statement not made by T. J. Lewis himself, or not made in his presence, would bind Lewis.

■ T. J. Lewis was allowed to testify, over objection, as follows: "He [the plaintiff] knew I didn't get any of the money." This answer was objected to upon the ground that it was a conclusion of the witness. Even if the answer was a conclusion of the witness, its admission was not reversible error, as it appears that the witnesses delivered testimony substantially the same as that objected to, and it remained before the jury without objection. *So. Ry. Co. v. Ward*, 131 *Ga.* 21 (4) (61 S. E. 913); *Herndon* v. *State*, 38 *Ga. App.* 118 (5).

■ The next complaint is that the court allowed the introduction in evidence of a carbon copy of the notice to sue, as follows: "Some few days ago you called my attention to the fact that a note which I indorsed for E. P. Lewis, J. L. Giles, and R. E. Edwards in 1922 had not been paid. I at that time directed you to file suit on the note and proceed with the collection of the same. This letter is therefore to demand of you as the holder of said note, signed by above parties and myself, to file suit on the same and proceed to collect same right away. Should you have to sue on this note, for your information, J. L. Giles and R. E. Edwards live in Douglas county, Georgia, while E. P. Lewis and myself reside in Fulton county, Georgia. You know, Mr. Milam, I did not get one cent of the money represented by the note; and while all the parties that signed it can be made to pay, I demand that action of some sort be taken at once." The notice was objected to as being irrelevant and immaterial, and therefore incompetent. In his brief counsel for plaintiff makes the following statement:

"In the notice defendant Lewis claims to have indorsed a note for or with certain persons therein named. The note sued on was that of the defendant and others as joint makers, and he pleaded he was a surety. Hence, the notice was wholly irrelevant and immaterial. There is a wide difference between a surety and indorser, as well as that of a joint maker." The testimony of Lewis was to the effect that he did not get any of the money in question, and that the plaintiff knew that to be so; that while the note ostensibly showed that he was a maker, in fact he executed the note as a surety only; and that the plaintiff knew this; and the defendant Lewis so pleaded. It is true that in giving the notice to sue, under the Civil Code (1910), § 3546, Lewis described himself as an indorser. An accommodation indorser in this case is a mere surety. *Vaughan* v. *Farmers & Merchants Bank,* 146 *Ga.* 51 (90 S. E. 478); *Sibley* v. *American Exchange National Bank,* 97 *Ga.* 126, 144 (25 S. E. 470). The code section just cited is as follows: "Any surety, guarantor, or indorser, at any time after the debt on which he is liable becomes due, may give notice in writing to the creditor, or his agent, or any person having possession or control of the obligation, to proceed to collect the same out of the principal, or any one of the several principals liable therefor; and if the creditor or holder refuses or fails to commence an action for the space of three months after such notice (the principal being within the jurisdiction of this State), the indorser, guarantor, or surety giving the notice, as well as all subsequent indorsers and all cosureties, shall be discharged. No notice shall be considered a compliance with the requirements of this section which does not state the county of the principal's residence." The liability of the defendant Lewis in this case was exactly identical whether he was an indorser or a surety. If he technically misnamed himself in the notice to sue, or rather misdescribed the effect of his signing the note, it was not fatal, provided he brought himself within the purview of the code section. We think the notice to sue substantially complied with that section, and that the copy of it was properly admitted in evidence.

■ In special grounds 3 and 4 error is assigned upon certain isolated excerpts from the charge of the court to the jury. When considered in the light of their context, and the charge as a whole, neither of these excerpts is objectionable for any reason assigned.

■ The only other assignment of error is not argued or mentioned in the brief of counsel for the plaintiff in error, and will therefore be treated as abandoned.

■ The defendant in error contends in his cross-bill of exceptions that the other defendant in certiorari, R. E. Edwards, was never served with a copy of the notice of the sanction of the writ of certiorari as prescribed by law. The record shows either written notice to, or written waiver of notice by, both of the defendants in certiorari, and the motion to dismiss the certiorari upon the ground stated was without merit. *McConnell* v. *Folsom,* 4 *Ga. App.* 535 (2) (61 S. E. 1051).

The evidence supports the verdict, and for no reason assigned does the record disclose reversible error.

*Judgments affirmed. Broyles, C. J., and Guerry, J., concur.*