### 38871. OWNBY v. FARMER.

CARLISLE, Presiding Judge. 1. The trial judge expressly declined to approve the recitals of fact in grounds 4 and 6 of the amended motion for a new trial. It follows that such grounds of the motion cannot be considered and passed upon by this court. *Smith v. State*, 12 Ga. App. 667 (3), 670 (78 SE 134); *Clarke v. Maloy*, 51 Ga. App. 495 (180 SE 759); *Kemp v. State*, 61 Ga. App. 337, 340 (9) (6 SE2d 196).

2. Ground 5 of the amended motion attempts to assign error on the exclusion of a statement by a witness to the effect that it seemed they couldn't get Mr. Farmer (the plaintiff) back out there to get the job done. This was objected to on the ground that it was his opinion and conclusion and the court ruled it out. This ground shows that the witness then said, "Well, only thing a holdup, just seemed couldn't get Mr. Farmer back there to finish up." Error is assigned on the exclusion of the latter statement of the witness but this ground fails to show that this statement was excluded, and it, therefore, presents no question for decision and fails to assign error on any harmful or prejudicial ruling of the court excluding evidence.

3. Grounds 7 and 8 of the amended motion assign error on the exclusion of evidence offered by the defendant. It is impossible, however, to ascertain from these grounds or from parts of the record referred to therein whether the ruling complained of was harmful or whether it was in fact material to the issues in the case. Accordingly, neither of these grounds is sufficient to present any question for decision. *Roberson v. First National Bank*, 99 Ga. App. 156, 158 (2) (107 SE2d 669); *Brown v. Carmanni*, 100 Ga. App. 116, 122 (5) (110 SE2d 543).

4. This was a suit to recover an amount alleged to be due the plaintiff on a contract for the furnishing of labor and materials for the repair and alteration of a house, said contract calling for the payment of $780.50, and the suit being for $580.50. The defendant filed a cross-petition in which he alleged that the plaintiff failed to perform certain parts of the contract, and inflicted certain damage to the house which the defendant had to repair and for which the defendant incurred certain expenses which the defendant sued for in his cross-petition. Upon the trial of the case, the issues resolved

themselves to whether or not the plaintiff had fully performed the contract according to its terms. The evidence was in sharp conflict, but if the jury believed the plaintiff's evidence they were authorized to find that the plaintiff had performed his contract and that the amount which they found in his favor was due him. The evidence authorized the verdict and no error of law appearing, the Judge of the Civil Court of Fulton County did not err in overruling the general grounds of the motion for a new trial.

*Judgment affirmed. Nichols and Eberhardt, JJ., concur.*

DECIDED JUNE 6, 1961—REHEARING DENIED JUNE 28, 1961.

*Edward C. Ownby, F. L. Breen,* for plaintiff in error.
*Wotton, Long & Jones, Grigsby H. Wotton,* contra.