38907. ETHERIDGE, by Next Friend v. HOOPER, Guardian.

DECIDED JUNE 20, 1961—REHEARING DENIED JULY 27, 1961.

228

G. *Seals Aiken*, for plaintiff in error.

B. *Hugh Burgess*, T. J. *Long*, Ben *Weinberg*, *Jr.*, contra.

EBERHARDT, Judge. 1. The evidence did not warrant a finding of wilful or wanton negligence, and there was no error in the grant of a nonsuit on count 1.

2. While the evidence was conflicting as to whether defendant was operating his vehicle in violation of the speed limit, as defined by lawful city ordinances of the City of Atlanta, and as to whether he was guilty of other charges of negligence as set out in the petition, these were questions to be resolved by the jury who, as Judge Bleckley said in *Central R. Co. v. Ferguson & Melson*, 63 Ga. 84, 85, "are the best doctors of doubt that we know of." There was no merit in the general grounds of the motion for new trial.

3. The motion was amended, adding special grounds numbered 4 through 22. Grounds 16, 19 and 22 were not approved by the trial court, and will not be considered or passed upon by this court. *Smith v. State*, 12 Ga. App. 667 (3) (78 SE 134); *Clarke v. Maloy*, 51 Ga. App. 495 (180 SE 759); *Kemp v. State*, 61 Ga. App. 337, 340 (6 SE2d 196); *Ownby v. Farmer*, 104 Ga. App. 62 (121 SE2d 87).

4. Special ground 4 complains of the failure of the court to charge that if the jury should find that the defendant was guilty of negligence in any one or more of the particulars specified in count 2 of the petition plaintiff would be entitled to a verdict. We have examined the charge and find that the court did charge that "If the jury were to believe that the defendant was negligent in any one or all of the particulars charged, then the plaintiff would have a right to recover in the case, unless barred of the right of recovery by his own conduct." There was no merit in this ground.

5. Special ground 5 complains of the charge insofar as it informed the jury that plaintiff would, if they believed the de-

fendant to be guilty of any negligence as charged in the petition, be entitled to recover "unless barred of the right of recovery by his own conduct." The basis of plaintiff's complaint against this portion of the charge is that plaintiff, a child of nine years of age, could not be so barred. The court dealt fully in his charge with the standard of care which the law provides to be applied by children of tender years, and instructed them that in the light of these provisions they should determine what his capabilities were and thus what degree of care he should have exercised for his own safety, and whether, in the light of such determination and the facts disclosed by the evidence, plaintiff's conduct was such as to preclude him from recovering. There was no merit in this ground.

6. In special ground 6 of the motion plaintiff contends that the court erroneously charged the standard of care which the law requires of a child of tender years. It is complained that, under the charge, the jury was permitted to fix the standard. After charging the law as provided in *Code* § 105-204, the court then charged: "That means, gentlemen of the jury, that the question of care that he (plaintiff) should or should not use is entirely and wholly for you to determine and fix. You would look to the evidence and see just what was disclosed as to his health, his mental and physical fitness, his size, his age and other things that might disclose to you information about this plaintiff at the time of the occurrence complained of . . . Then you would say for yourself what sort of care he should have exercised at the time of this alleged occurrence. When you have fixed that standard of care that you believe he should have exercised, then that would be the amount of care the law would require of him to exercise." There was no merit in this ground of the motion. Necessarily it was a matter for the jury to determine as to what standard of care ought to have been applied to the plaintiff at the time of the occurrence. *Huckabee v. Grace,* 48 Ga. App. 621, 637 (173 SE 744).

7. Special ground 7 complains of the charging of the sudden appearance doctrine. There was evidence that plaintiff had darted out from between two parked vehicles into the pathway of defendant's vehicle, and thus the charge was fully authorized.

8. Special ground 8 complains of the court's charge that "one's responsibility for negligence must end somewhere." This charge was given in connection with and as a part of the charge that the right of recovery is dependent upon a showing that the negligence of the defendant was the proximate cause of the injury and that unless such injury was the natural and probable consequence of the defendant's act there could be no recovery therefor. While inaptly worded, we do not think that, when considered in the context of the other portions of the charge delivered in connection therewith, the jury could have or did misunderstand it or that it was confusing to them. A portion of the charge was taken from *Stallings v. Georgia Power Co.*, 67 Ga. App. 435, 438 (20 SE2d 776), wherein it was said: "In a negligence case the liability of the wrongdoer is restricted to the reasonable and the probable. In Bird v. St. Paul Fire & Marine Ins. Co., 244 N. Y. 47, 53 (120 NE 86), Judge Cardozo said: 'The wrongdoer may be charged with those consequences and only those within the range of prudent foresight.' One's responsibility for negligence must end somewhere. The plaintiff can not always recover for the negligence of another. The law always refers the injury to the proximate, not to the remote cause." There was no merit in this ground.

9. In special ground 9 complaint is made that the court charged the doctrine of sudden emergency. There was ample evidence that plaintiff came out from between two parked vehicles into the pathway of the defendant when the defendant was so close upon him that there was no time for taking precautions that might have avoided injury to the plaintiff. Thus the charge, under such evidence, was appropriate.

10. Special ground 10 makes further complaint of the charge relative to the standard of care required, under the facts and circumstances, of a child of tender years. We have dealt with this in connection with ground 6 above. There was no error in the charge on this subject and no merit in this ground.

11. In special ground 11 exception is taken to the refusal of the court to permit plaintiff to prove that pedestrians, including children, customarily cross the street at points other than cross walks or intersections, in violation of a city ordinance. There

was no error in refusing to admit evidence of a customary or habitual violation of the law by others as a basis and reason for the violation by plaintiff. If such were permissible then defendant might well have offered to show that people who drive vehicles along this street do so at speeds in excess of that allowed by law as an excuse for his violation on this occasion.

12. Special ground 12 complains of the admission of the testimony of a police officer who made an investigation of the accident that in his opinion, from the physical evidence at the scene, including skid marks, the distance it traveled from the place of the impact to the place where the vehicle stopped, and other circumstances, the speed of defendant's vehicle at the time of the occurrence was from 20 to 25 miles per hour. The police officer testified, in this connection, that he had been investigating traffic accidents in and around Atlanta for at least six years, and had been on the police force for 28 years. Such evidence was admissible. *Shockey v. Baker*, 212 Ga. 106, 110 (90 SE2d 654); *Rentz v. Collins*, 51 Ga. App. 782 (181 SE 678).

13. Where the objection to evidence does not state the ground upon which it is based, error can not be assigned upon the overruling thereof. The ground must be specific, and must point out wherein and how the admission of the evidence would violate some recognized rule of the law of evidence. An objection that a question is "leading and calling for a conclusion" is not sufficient. *Slater v. Russell*, 100 Ga. App. 563 (112 SE2d 178); and citations therein. Furthermore, an examination of the record discloses that prior to the making of the particular objection, the overruling of which is here complained of, similar evidence had been admitted without objection. Thus, even if error, it was harmless. *Milan v. Lewis*, 47 Ga. App. 376, 377 (3) (170 SE 404). There is no merit in special ground 13 of the motion.

14. Special ground 14 complains that the court questioned the admissibility of evidence of plaintiff's mother that he played the piano "beautifully," when asked on direct examination about plaintiff's ability to play the piano. No error is shown in this ground of the motion. The evidence was not objected to and was not ruled out, but on the other hand the judge specif-

232

ically stated to counsel for plaintiff concerning whether he might elicit the evidence, "Well I am certainly ruling, in the absence of objection, that you can do so." Moreover, there was other evidence, admitted without objection, that plaintiff played "very well," and "joyfully."

15. In the course of the trial plaintiff's counsel started to read the deposition of a doctor that had been taken by defendant in a discovery proceeding. The court thereupon instructed the jury that if plaintiff read the deposition he would be adopting the doctor as his witness and would be bound by the testimony. Plaintiff now contends that the deposition might have been used for impeachment purposes, and thus he would not have been bound by it. It is true that a deposition may be so used and when it is so used the party offering it will not be bound by it. However, even if the instruction given by the court was error, it is apparent that such was harmless for two reasons: (a) the doctor whose deposition was read did not testify in person at the trial, and there was nothing to impeach or contradict, and (b) the testimony related altogether to the extent of plaintiff's injuries, thus going to the matter of damages, and since the jury found for the defendant, thus foreclosing the issue of liability, the extent of the injuries or amount of his damages was immaterial. He could not have been hurt by the instruction, and it is well settled that there must be hurt as well as error to work any reversal. *Conant v. Jones,* 120 Ga. 568 (48 SE 234); *Willis v. Henry,* 95 Ga. App. 593 (3) (98 SE2d 150); *Ludwig v. J. J. Newberry Co.,* 78 Ga. App. 871 (5) (52 SE2d 485).

16. Special ground 17 complains that the court did not, in its charge to the jury, read in full the specifications of negligence as contained in plaintiff's petition. A reading of the charge discloses that the court did, substantially, state to the jury all of the specifications of negligence that were set out in count 2 of the petition, as amended, and that he fully charged the law with respect thereto. There is no merit in this ground. Even if the contentions of the defendant had been stated more fully than those of the plaintiff, it would not work a new trial. *Hunt v. Pollard,* 55 Ga. App. 423 (5) (190 SE 71).

17. Special ground 18 complains that the court did not, in its

charge, give in detail plaintiff's contentions as to the injuries suffered, his pain, suffering, disabilities and damages, and the manner in which the same were inflicted. For the same reason set out in division 16 above, no error is shown by this ground.

*Judgment affirmed. Carlisle, P. J., and Nichols, J., concur.*