## 38991. KINSEY v. BOWMAN TRANSPORTATION, INC.

EBERHARDT, Judge. The evidence in this case was conflicting, but there was ample evidence to sustain the judgment. Invoices showing the cost of the lost merchandise and a canceled check issued in payment thereof constituted all of the evidence as to its value. Plaintiff in error contends that the market value was not proven. "While the measure of damages was the market value of such articles when they were lost, yet it is well settled that proof of the cost of the articles is legitimate evidence, to be considered in determining the market value. *Atlantic Coast Line R. Co. v. Harris,* 1 Ga. App. 667 (57 SE 1030) ; *Mayor of Macon v. Daley,* 2 Ga. App. 355 (58 SE 540) ; *Southern Ry. Co. v. Williams,* 113 Ga. 335 (38 SE 744)." *Atlanta Baggage &c. Co. v. Mizo,* 4 Ga. App. 407, 411 (61 SE 844). "Presumably what an article cost at the time of its purchase was its value." *Southern Ry. Co. v. Williams,* 113 Ga. 335, 336 (38 SE 744). Here the articles involved were lost while in transit from the seller to the purchaser, and thus their loss is so closely identified with the time of purchase as to give rise to the presumption. There was no evidence to rebut it. There is no merit in the general grounds of the amended motion for new trial.

The only other assignments of error are as to the overruling of special grounds 4 and 5 of the amended motion in which complaint is made of the admission, over objection, of documentary evidence, same being the front of a bill of lading and designated as plaintiff's Exhibits 4 and 8, respectively. An examination of these exhibits reveals that they are one and the same, one being a duplication of the other. It also ap-

pears that there was admitted, without objection, plaintiff's Exhibits 6 and 9, which are likewise fronts of the same bill of lading form. "Though the admission of evidence over objection may be erroneous, it does not require a reversal where other evidence to the same effect is introduced without objection." *State Highway Board v. Coleman*, 78 Ga. App. 54, 57 (50 SE2d 262); *Milam v. Lewis*, 47 Ga. App. 376, 377 (3) (170 SE 404). Moreover, the documents were, under a notice to produce, produced by plaintiff from its files, and there was extensive examination and cross-examination of several witnesses relative to them. And even if the documents had not been admissible, the case having been tried before Judge Camp without a jury, who was acting as both judge and jury, it must be presumed that "he has sifted the wheat from the chaff and selected the legal testimony from that which is illegal and incompetent." *Bailey v. Holmes*, 163 Ga. 272, 275 (136 SE 60); *Loftis v. Allen Plumbing Co.*, 57 Ga. App. 847, 849 (197 SE 45); *American Cas. Co. v. State Farm Mut. Auto. Ins. Co.*, 104 Ga. App. 337.

*Judgment affirmed. Carlisle, P. J., and Nichols, J. concur.*

DECIDED SEPTEMBER 6, 1961.

*James L. Flemister*, for plaintiff in error.
*Elmo Holt, Reynolds, Holt & Reynolds*, contra.