## 57257. COOKSEY v. THE STATE.

SMITH, Judge.

Appellant Cooksey was convicted by a jury verdict of a violation of the Georgia Controlled Substances Act. We affirm.

The appellant's dwelling was searched under a warrant based upon information from an informant. The search resulted in the discovery of suspected marijuana in two locations, one of which was alleged to be appellant's bedroom. Evidence obtained in the search was admitted over the appellant's objection that it was the fruit of an illegal search. Appellant claimed that the search was invalid for lack of probable cause and for lack of an adequate description of the location of the dwelling. The state's testimony concerning the suspected marijuana and the results of the field test were admitted over the appellant's objection that they were the opinion testimony of a witness that had not been, and was not, qualified as an expert.

Appellant claims that the trial court erred in overruling his motions for a directed verdict and for a new trial on the general grounds and in overruling his objections to the introduction of the fruit of an illegal search, to the opinion testimony concerning the suspected marijuana, and to the admission of the search warrant into evidence.

1. The proper standard to be used by this court in reviewing the overruling of appellant's motions for a directed verdict and for a new trial on the general grounds is the "any evidence" test. *Lee v. State,* 237 Ga. 626, 627 (229 SE2d 404) (1976); *Franklin v. State,* 136 Ga. App. 47, 48 (220 SE2d 60) (1975). The record shows that the evidence was sufficient to meet this test. There was no error in denying these motions.

2. Where the search warrant is based upon an informant's information, the law requires that there be particular facts or circumstances which justify concluding that the informant is a reliable and trustworthy person. *Galgano v. State,* 147 Ga. App. 284, 286 (248 SE2d 548) (1978). The warrant, in stating that the informant had a past history of reliability in similar matters which had led

to three arrests and to the confiscation of illegal drugs, met this test. *Sams v. State,* 121 Ga. App. 46, 48 (172 SE2d 473) (1970).

Appellant also alleged that the search warrant did not describe the dwelling to be searched with the degree of particularity required by Code Ann. § 27-303 (Ga. L. 1966, pp. 567, 568). This court had said, however, that it is enough if the description sufficiently permits a prudent officer to locate the place definitely and with reasonable certainty. *Fomby v. State,* 120 Ga. App. 387 (170 SE2d 585) (1969). The search warrant, in giving specific directions on how to find the house, the street address, a house description ("one-story frame dwelling"), and the description and license number of the appellant's car, did give a sufficient description. The trial court correctly ruled that the search warrant was valid.

3. Appellant contends that the trial court erred in allowing a witness to qualify as an expert witness and subsequently render opinions as to the suspected marijuana and tests thereof. ". . .[W]hether a witness has such learning and experience in a particular field of endeavor as to entitle him to be deemed prima facie an expert, is a matter addressed to the sound discretion of the trial court, and such discretion will not be disturbed unless it is manifestly abused." *Loar v. State,* 142 Ga. App. 875, 876 (237 SE2d 237) (1977). The witness was a narcotics investigator who had special training in the identification of various drugs. Thus, it was not error to deem the witness an expert and to allow him to testify that ". . .[he] found some suspected marijuana. . .," to describe the test used on the suspected marijuana, and to relate his opinion that the test results showed the presence of marijuana.

4. The appellant urges that the trial court erred in allowing the search warrant to be admitted into evidence. "Where the objection to evidence does not state the ground upon which it is based, error can not be assigned upon the overruling thereof. The ground must be specific, and must point out wherein and how the admission of the evidence would violate some recognized rule of the law of evidence." *Etheridge v. Hooper,* 104 Ga. App. 227, 231 (121 SE2d 323) (1961). Since appellant did not state the grounds for his

objection to the search warrant, the trial court's ruling thereon was correct.

5. The facts and evidence in the record show the remaining enumeration to be without merit.

*Judgment affirmed. Quillian, P. J., and Birdsong, J., concur.*

SUBMITTED FEBRUARY 8, 1979 — DECIDED APRIL 4, 1979.

*Wallace & Moss, Howard P. Wallace,* for appellant. *John T. Newton, Jr., Solicitor,* for appellee.

