JOHN T. ARNOLD, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

Under an indictment against A for assault with intent to murder B, by shooting at him, willfully and feloniously, with a loaded pistol, the jury found the following verdict: "We, the jury, find the defendant guilty of shooting, not in his own defense, and recommend him to the mercy of the court:"

*Held,* that the verdict is not void for uncertainty, and that judgment may, by reference to the indictment, be entered upon it for shooting at B, not in his own defense, and without justification.

Criminal law. Verdict. Judgment. Before Judge BARTLETT. Baldwin Superior Court. August Adjourned Term, 1873.

Arnold was placed upon trial for the offense of assault with intent to murder, alleged to have been committed upon the person of Elliot Flint, on July 29th, 1872, by shooting at him with a pistol. The defendant pleaded not guilty. The jury returned the following verdict:

"We, the jury, find the defendant guilty of shooting, not in his own defense, and recommend him to the mercy of the court."

The defendant moved in arrest of judgment, because the verdict specified no crime. The motion was overruled, and the defendant excepted.

CRAWFORD & WILLIAMSON; SANFORD & FURMAN; W. A. LOFTON, for plaintiff in error.

Arnold *vs.* The State of Georgia.

1st. The verdict does not "cover the issues made by the pleadings :" Code, sec. 3559, and cases cited.   These "issues" are : 1. That he "shot at another :" Code, sec. 4370 ; 28 Ga., 395.   2. "Without justification."   The plea of " not guilty," implies other "justifications" as well as " self-defense :" Act 1855–6, p. 265 ; Code, sec. 4370 ; 28 Ga., 367.

2d. The verdict describes no crime for which sentence may be pronounced : Code, sec. 4370 ; 28 Ga., 367, 395 ; 30 *Ibid.*, 608 ; 40 *Ibid.*, 150.

3d. Defendant, having been " in jeopardy of life or *liberty,*" is entitled to discharge : Constitution 1868, Art. I., sec. 8 ; 3 Ga., 56, 73 ; 28 *Ibid.*, 367.

J. W. PRESTON, Solicitor General, for the State.

1st. If the indictment is sufficient, and the verdict covers all the material allegations in it, and is reasonably certain and formal, so that the court may readily determine from it and the other pleadings and facts what offense is intended, judgment will not be arrested because the verdict does not follow the exact language of the Code : 2 Kelly, 137 ; 26 Ga., 593, 602 ; 45 *Ibid.*, 57 ; 25 *Ibid.*, 689 ; 3 Graham & Waterman on New Trials, 1390, 1377 ; 1 Bish. Cr. L., 677, *et seq.;* 3 Bouv. Inst., 501, 520, and notes.

2d. The name given to the offense does not characterize it, but the substance described in the statement does : 3 Kelly, 417 ; O'Halloran *vs.* The State of Georgia, 31 Ga., 206 ; 32 *Ibid.*, 251.

3d. Verdicts are to have a reasonable intendment, are to receive a reasonable construction, and are not to be avoided, unless from necessity : 17 Ga., 361 ; Code, sec. 3561 ; 39 Ga., 664, (2.)

McCAY, Judge.

Verdicts are to have a reasonable intendment and to receive a reasonable construction, and are not to be set aside unless from necessity : Code, 3561 ; 17 *Georgia,* 361 ; 39 *Ibid.*, 664. And this is the general spirit of the Code, as well as the ex-

pression of the more universal tendency of jurisprudence towards freedom from that slavish adherence to technical nicety which is the reproach of the common law.

In every verdict there must be a reference to the indictment and the issue to make it have any meaning. The verdict is the response of the jury to the charge and to the issue formed upon it. Ordinarily the verdict is "guilty" or "not guilty." The verdict is general and its legal effect is guilty or not guilty of the charge as laid in the indictment.

If the charge be murder, and the jury say we find the defendant guilty of assault; it means of assault upon the person charged at the time and place charged, and that the assault was without justification. So here the charge was assault with intent to murder A B, at a certain time and place, illegally and feloniously, by shooting at him with a loaded pistol with intent to murder. In this is involved, as a legal necessity, that he did shoot at A B not in his own defense and without justification. The jury negative the malice, the intent to murder and simply find the shooting. But what shooting? The shooting charged, but without the intent to murder. The verdict to be perfectly formal might go further and say shooting at A B not in his own defense and without justification. But we see no imperative requirement for this additional detail. All this is charged in the indictment and the verdict of the jury may just as properly be aided by the indictment as to these things, as it may by the name of the party shot at, and the time and place of the occurrence. The case of *Cook vs. The State*, 26 *Georgia*, 593, is very like this. The jury found the defendant guilty of "harboring." Harboring what, and how? Why plainly the slave of A B at the time and place stated and *to the injury of A B:* See, also, 25 *Georgia*, 494; *Ibid.*, 689.

Judgment affirmed.