both quit work and started towards where I was. I told them to stop. Brown told Bailey to go ahead, he would see him through. Bailey stooped and picked up something and advanced a few steps towards me. I called my husband who was at work near by, and Bailey stopped. He was on the opposite side of the road from me in the field, and about twenty steps from me when he stopped. Brown was a short distance behind him. Brown did not have anything, did not strike me nor attempt to strike me, did not throw anything at me nor attempt to throw anything at me. Bailey did not strike me nor attempt to strike me, nor throw anything at me nor attempt to do so.

A. G. McCURRY, for plaintiff in error.

---

## PARKER v. THE STATE.

ATKINSON, J.—1. An indictment for assault with intent to murder, which charges that the accused with a pistol, the same being a weapon likely to produce death, assaulted a named person and did then and there shoot and wound that person with the intent to kill and murder him, avers by necessary implication that the pistol was in fact loaded, and the omission to state in terms that it was loaded is not indispensable to the sufficiency of the indictment. Consequently, there was no error in overruling a demurrer to the indictment, on the ground that it did not allege that the pistol was "loaded with powder and leaden balls"; nor in overruling a motion in arrest of judgment, based upon the same ground.

2. Upon the trial of an indictment for assault with intent to murder, alleged to have been committed by shooting another with a pistol, a verdict finding the accused "guilty of shooting another" is not void for uncertainty. Its reasonable intendment and meaning is, that the accused was guilty of the offense of shooting at another, not in his own defense nor under other circumstances of justification.          *Judgment affirmed.*

February 5, 1895.

Indictment for assault to murder. Before Judge FISH. Sumter superior court. November term, 1894.

L. J. BLALOCK and W. P. WALLIS, for plaintiff in error. J. M. DUPREE, solicitor-general, by FELDER & DAVIS, *contra*.

---

### WATSON *v*. THE STATE.

ATKINSON, J.—The only question properly presented for adjudication by this court being whether the verdict was contrary to the evidence, and there being sufficient evidence to authorize the conviction, the refusal of a new trial will not be overruled.

November 26, 1891. ·                          *Judgment affirmed.*

Indictment for larceny from the house. Before Judge WILLIS. City court of Columbus. October term, 1894.

Watson was charged with stealing a pair of shoes from the storehouse of Ware. He was seen to enter the store without the shoes, and to emerge therefrom with them unwrapped and under his coat. In his hand he carried a bundle containing five cents worth of calico he had bought. The shoes were not sold to him by Ware. They had on them Ware's cost-mark. Ware had five clerks who sold shoes. Watson was arrested with one of the shoes under his arm in one pocket, and the other in his inside pocket. He claimed to have bought them from a negro for seventy-five cents. He introduced no evidence at the trial, but made a statement reiterating his claim and denying that he stole the shoes. After verdict of guilty, he moved for a new trial on the general grounds, and for alleged error in admitting testimony that he tried to sell a pair of shoes on the day in question. It does not appear what, if any, objection was made to this testimony.

WILLIAM C. MUNDAY, Jr., by MORGAN MCMICHAEL, for plaintiff in error.

---