### BROWNLOW v. THE STATE.

LUMPKIN, P. J. 1. When the evidence so warrants, one indicted for any offense may be lawfully convicted of an attempt to commit the same, although the attempt be not charged in the indictment. Penal Code, § 1035.

2. An attempt to commit a misdemeanor is punishable in the same manner as the misdemeanor itself. Penal Code, § 1040, par. 7.

3. One who, within two miles of an election precinct, on the day of any election mentioned in section 446 of the Penal Code, offers another a drink of spirituous liquor, which is declined, is guilty of an attempt to commit the offense prohibited by that section, although he casually finds the liquor and is not the actual owner thereof. By dealing with the article in this manner, he exercises such dominion and control over it as to place himself in the attitude of furnishing the liquor, if the other party accepts the invitation to drink.

4. A demand to have a jury polled is not complied with by asking them collectively whether or not they have agreed to the verdict. Each juror should be thereto separately interrogated. When such a demand is duly made, but the court pursues the former instead of the latter course, a new trial should be granted, although each of the jurors, in response to the questions put to them as a body, expressed his assent to the verdict. See *Blankinship* v. *State*, ante, 402.                    *Judgment reversed. All the Justices concurring.*

Argued December 17,—Decided December 19, 1900.

Indictment for misdemeanor.    Before Judge Fite.    Gordon superior court.    October 29, 1900.

*Starr & Erwin*, for plaintiff in error.
*Sam. P. Maddox, solicitor-general*, contra.