STATE OF IOWA v. JOSEPH SHUNKA, JR., Appellant.

**Assault to Murder:** INDICTMENT: *Sufficiency.* An indictment charging an assault with intent to commit murder by shooting with a revolver is not insufficient, in failing to allege that the revolver was loaded with powder and ball; Code, section 5280, only requiring an indictment to state the offense in ordinary language, so as to enable a person of common understanding to know what is meant.

*Same.* An indictment for assault with intent to murder need not aver that the assault was with malice aforethought.

**Evidence:** ADMISSION HELD HARMLESS: *Rebuttal.* Where evidence admitted in rebuttal in a criminal case is immaterial, its admission is harmless, though it is not rebuttal.

SUFFICIENCY TO CONVICT: *Assault to murder.* Evidence in a prosecution for assault with intent to murder that defendant shot at the person assaulted, and that one bullet passed through a coat over his arm and another penetrated a building beyond him, and of ill feeling on the part of defendant and threats to kill the person assaulted, is sufficient to sustain a conviction of the crime charged.

**Instructions:** CUMULATIVE REQUEST. Where an instruction given covers all the issues, it is not error to refuse instructions offered by defendant.

*Appeal from Benton District Court.*—HON. G. W. BURNHAM, Judge.

WEDNESDAY, APRIL 9, 1902.

DEFENDANT was indicted for the crime of assault with intent to commit murder. He was duly tried, and from a

judgment rendered on a verdict of guilty he appeals.—*Affirmed.*

*Tom H. Milner* for appellant.

*Chas. W. Mullan,* Attorney General, and *Chas. A. Van Vleck,* Assistant Attorney General, for the state.

WATERMAN, J.—The material part of the indictment, the sufficiency of which is attacked, is as follows: "The said Joe Shunka on the 21st day of August, 1901, did then and there, with a certain revolver, the particular description of which is to this grand jury unknown, being a dangerous and deadly weapon, with which the said Joe Shunka was then and there armed, feloniously, willfully, and unlawfully, and with malice aforethought, make an assault in and upon, and did shoot the body of, one Frank Seery, with a felonious intent then and there to kill and murder said Frank Seery  *  *  *" As we understand the position of appellant's counsel, it is not that the indictment is insufficient to charge a crime, but that it does not charge, in legal form, that the assault was made by shooting, because there is no allegation that the pistol was loaded with powder and ball. If any crime is charged, it is that of assault by discharging or shooting a pistol at the prosecuting witness, for that is what is alleged to have been done. Much of what was required in an indictment at common law is dispensed with under our statute. It is now only necessary to set out the offense "in ordinary and concise language and in such a manner as to enable a person of common understanding to know what is meant." Code, section 5280; *State v. Caffrey,* 94 Iowa, 65. Surely an assault made with a revolver by discharging it is sufficient as a description. Furthermore it is generally held that the crime of assault with intent to commit murder may be charged in general terms. Malice aforethought need not be averred in the indictment. It is said

the ingredients of the offense, "whether of intent or act," need not be set out. *State v. Newberry,* 26 Iowa, 467. At common law, or where the statute does not specify the instrument, it is not necessary, in an indictment for assault with intent, to state the instrument or means used to effectuate the purpose. 1 Wharton, Criminal Law, section 644; *State v. Gainus,* 86 N. C. 632. In the following cases the allegation that the assault was by shooting with a pistol is held to be, by implication, a necessary averment that the weapon was loaded: *Lacefield v. State,* 34 Ark. 276 (36 Am. Rep. 8); *Connors v. State,* 45 N. J. Law, 211; *Parker v. State,* 95 Ga. 482 (22 S. E. Rep. 276); *Bradberry v. State,* 22 Tex. App. 273 (2 S. W. Rep. 592). Appellant relies upon some language used in *State v. Shepard,* 10 Iowa, 126. It is enough to say that it was used by way of argument only, in answering a contention of defendant's counsel. In our opinion, the indictment was valid as a charge of assault by discharging the weapon at Seery, and evidence of that fact was properly received.

II. The next objection is that evidence was admitted in rebuttal which was not of that character. As to one witness there was no objection when the question was asked, nor until after it was answered. While an objection in a criminal case should not always be overruled merely because it is not made in the promptest manner, we hardly think this instance should be an exception to the general rule; but, aside from this, the evidence given by this witness was of no consequence, and could not have affected the case, unless it tended to contradict a statement made by one of defendant's witnesses as to his whereabouts. If it did this, it was in rebuttal. The record does not clearly disclose the facts on this point. However, if it was immaterial, it was clearly without prejudice. If material, it was in rebuttal. With relation to the other witnesses, it is

enough to say their testimony was strictly rebuttal in character, and therefore properly received.

III.    The charge given by the court was full and accurate upon every issue which the evidence tended to present and for that reason, if no other, there was no error in refusing the two requests submitted in defendant's behalf.

IV. . Some claim is made that the evidence does not sustain the verdict.    The jury were warranted in finding that defendant shot at Seery; that one bullet passed through a coat which he had over his arm, and another penetrated a building beyond where he stood.    There was also evidence of ill feeling on defendant's part, and of a previous threat made by him to kill Seery.    Manifestly, this was enough to sustain the finding made.    It may be, as appellant's counsel says, that "Seery was a cowboy, with an Hyperion curl, and a satanic grin over his polished ivories;" but it would be going somewhat too far to hold that defendant was for these reasons justified in killing or attempting to kill him.—AFFIRMED.