### 1582. LANIER *v.* THE STATE.

1. An accusation charging the offense of stabbing, which fails to allege that the stabbing was not done in self-defense or under other circumstances of justification, is demurrable; but this defect may be waived; and if the defect is waived by failure to demur, the omission to negative the exception provided in cases of self-defense, or other justification, is not ground for arresting the judgment after conviction, where the accusation alleges that the stabbing and cutting was "contrary to the laws of said State, the good order, peace, and dignity thereof."

2. Every defendant has the right to be tried upon an indictment or accusation perfect in form and substance, but this right, like every other (even the right of trial itself), may be waived.  One who waives his right to be tried upon an indictment perfect in form as well as substance, and takes his chances of acquittal, will not be heard, after conviction, to urge defects in the indictment, unless those defects are so great that the accusation is absolutely void.

Accusation of stabbing, from city court of Statesboro—Judge Brannen.  November 19, 1908.

Submitted January 13,—Decided January 27, 1909.

*Strange & Cobb,* for plaintiff in error.

*Fred T. Lanier, solicitor,* contra.

RUSSELL, J.  Lanier was tried upon an accusation charging him with the offense of stabbing, "for that the said William Lanier, in

the county aforesaid, on the 29th day of August, in the year 1908, unlawfully and with force and arms, did then and there cut and stab one Leroy Jackson with a certain knife, contrary to the laws of said State, the good order, peace, and dignity thereof." The defendant in the court below joined issue upon this accusation and was found guilty. He thereupon moved in arrest of judgment, upon the ground that the accusation upon which the verdict of guilty was rendered fails to set forth any crime or misdemeanor under the laws of the State of Georgia, and is fatally defective, in that it does not set forth that the stabbing charged therein was "not done in his own defense or other circumstances of justification." The trial judge overruled the motion in arrest of judgment, and the defendant excepts to this ruling.

There can be no question that the accusation should have been quashed if the point now presented had been raised by a demurrer presented before the issue was joined, because it is well settled that all exceptions and provisos in criminal statutes must be negatived before the defendant is properly charged with an offense as to which exceptions are provided. It is equally well settled that objections which go merely to the form of the indictment must be raised by demurrer; otherwise such defects are to be considered as waived. The defendant in the present case waived any exceptions to the form of the indictment, "and, as no motion in arrest of judgment should be sustained for any matter not affecting the real merits of the offense charged in the indictment," the single question presented is whether the omission from the accusation of an averment negativing the exception, by which one is permitted to stab in self-defense or under other circumstances of justification, rendered the indictment so fatally defective that it failed to charge a violation of the law. In other words, is the accusation so defective that no judgment can be entered upon the verdict finding the defendant guilty? As stated above, and as held in *Isom* v. *State,* 83 *Ga.* 378 (9 S. E. 1051), the indictment should have negatived the exception. The question therefore arises as to whether the indictment is sufficient, in view of the defendant's waiver of formal defects, to charge an unlawful stabbing. In our opinion the motion in arrest of judgment was properly overruled. While, under the strict rules of pleading, the exception in behalf of the plaintiff in error should have been negatived, the averment that the stabbing

was "contrary to the laws of said State, the good order, peace, and dignity thereof," sufficiently set forth the offense, when the defendant consented to waive his right to demur. The exception is a matter of defense, and not one of the essential elements of the crime referred to in *Hunter* v. *State, 4 Ga. App.* 580 (61 S. E. 1130). While the defendant in the court below had the right to have the indictment perfect in form as well as substance, and had the right to require the State to aver that the cutting was not done "in his own defense or other circumstances of justification," the fact that he waived this right does not affect the merits of the accusation, when it is considered upon the motion in arrest of judgment, unless the accusation, regardless of his waiver, fails to charge a crime. We think it can hardly be said that one would not be guilty of stabbing where it is admitted that the stabbing was done unlawfully and contrary to the laws of said State, the good order, peace, and dignity thereof;" because these statements alone, if the explicit negativing of the exceptions is not insisted upon, show that the cutting was not done in self-defense or under any circumstances of justification provided by the code.

We are aware that the Supreme Court held in *Hardin* v. *State,* 106 *Ga.* 388 (32 S. E. 365, 71 Am. St. R. 269), that the mere use of the word "unlawful," in describing an act alleged to be criminal, is insufficient to set out the offense of selling liquors unlawfully. But even if the *Hardin* case is not overruled by the decision in *Tarver* v. *State, 123 Ga.* 496 (51 S. E. 501), the ruling in *Hardin's* case was based upon the absence from the indictment of the words "contrary to the laws of said State, the good order, peace, and dignity thereof," which are required by express statute. In the *Hardin* case the word "unlawful" is held to be insufficient because, as remarked by Judge Lewis, it might be uncertain whether the unlawful sale was in violation of the laws of the United States or some other jurisdiction, instead of the laws of this State. In the present case, however, it is alleged, not only that the stabbing was unlawful, but that it was contrary to the laws of this State. We do not know that the exact question has been heretofore presented in the case of stabbing, where this was the only offense charged in the accusation, but our opinion, that the offense was sufficiently charged in the indictment to permit the judgment to be entered upon the verdict, is supported, in some degree at least, by the de-

cision in *Wilson* v. *State, 62 Ga.* 167 (in which there was a verdict rendered upon an indictment for assault with intent to murder), where it was held that a verdict of guilty of stabbing, without negativing self-defense, was a sufficient finding upon which to pronounce sentence. See also *Arnold* v. *State, 51 Ga.* 144, and *Whilden* v. *State, 25 Ga.* 396 (71 Am. D. 181). In *Isom* v. *State,* supra, our view is more strongly sustained. In *Isom's* case the defendant was indicted for assault with intent to murder. He was found guilty of stabbing, and moved in arrest of judgment. There was no .charge in the indictment that the stabbing was done "not in his own defense or other circumstances of justification," nor did the verdict state that the stabbing was so done. In passing upon the case, Chief Justice Bleckley, after holding that the indictment, if the offense charged had been stabbing, should by its terms have negatived the exception in the statute, proceeds to say, "but as the offense charged was assault with intent to murder by stabbing, the exception was impliedly negatived by other terms. found in the indictment, to wit, 'with intent then and there unlawfully, feloniously and with malice aforethought, to kill and murder.' " He then cites the *Arnold* case, supra. In the present. case, construing with the indictment the verdict upon which was based the judgment sought to be arrested, it appears to us, in view of the allegation that the stabbing with which this defendant is. charged was contrary to the laws of the State, the good order, peace, and dignity thereof, the conclusion is irresistible that it. was an unlawful, and not a lawful, stabbing which the jury intended to find that the defendant had committed. As remarked by Judge Bleckley in the *Isom* case, supra, "the offense of stabbing . . is always of the same grade, and amenable to the same measure of punishment. It was of this offense that the verdict intended to find the accused guilty, and not of a bare act of stabbing. In the light of common sense, this is the only construction the verdict admits of. If the jury had thought the evidence showed the act of stabbing by the accused was innocent, that is, done in self-defense or other circumstances of justification, they would have found him not guilty; because in that case he would not have been guilty of stabbing, as the verdict declared him to be."

In the *Arnold* case Judge McCay held that verdicts "are not to be set aside unless from necessity," and affirmed the judgment of

the lower court overruling a motion in arrest of judgment, based upon the ground that the verdict specified no crime. The defendant in that case was indicted for assault with intent to murder, and the jury found him guilty of shooting at another. In the indictment there was no charge that the shooting was not in his own defense or under circumstances of justification, other than such as would naturally be implied from the allegation that the shooting was done unlawfully and feloniously. From these rulings it is clear that while the exceptions in a criminal statute should be negatived, and that while failure to so negative them is good ground for demurrer, yet, in the absence of a timely demurrer, the judgment should not be arrested, if the exceptions are so impliedly negatived, by the language of the accusation, that, construing the verdict by the indictment, it can not reasonably be held that the jury intended to find other than an unlawful stabbing. In the case of *Lampkin* v. *State,* 87 *Ga.* 516 (13 S. E. 523), the principle that verdicts should not be set aside except from necessity was applied to an instance where counsel had reason to suspect the incompetency of a juror, but decided not to call the attention of the court thereto during the trial. In ruling upon the exception to the competency of the juror, the Supreme Court said, "it is not sound practice for counsel to remain silent, take the chances of acquittal for his client, and then, after conviction, urge the juror's incompetency as a ground for setting the verdict aside." Being of the opinion that the defect of omitting to negative the exception in the statute against stabbing in the present case is only a defect, we can concur in the opinion of Judge Lewis in *Williams* v. *State,* 107 *Ga.* 726 (33 S. E. 650), when he declared, "Much less would it be sound practice to allow counsel to waive a defect . . . , take the chances of an acquittal, and then, after conviction, urge such defect as a reason for setting aside the verdict." Of course, if a verdict, when construed with the indictment, does not find the defendant guilty of any offense, the judgment should be arrested; but where, regardless of the denomination of the offense, the allegations of the indictment charge, even imperfectly, a violation of the law, which can be plainly understood by the jury, and a verdict finding the defendant guilty can not be ignored, without violating the rules of common sense, sentence should be pronounced upon the finding. As held in *Sarah* v. *State,*

28 *Ga.* 576, "As the, prisoner may waive even a trial itself, and be capitally punished upon his own confession of guilt, he may waive every other right or privilege. The greater includes the less, or the whole the parts."                      . *Judgment affirmed.* ·