## 3611.  KIDD *v.* STATE.

1. Where, prior to an announcement of ready, by both sides, the judge makes a complimentary remark as to credibility of one of the State's witnesses, subsequently sworn as a witness in the case, the remark being made in the hearing of the jury, and thereafter the defendant, without objection, goes to trial before the jury and is convicted, it is too late to complain for the first time, by motion for a new trial, that the judge erred in making the remark referred to.
2. The defendant was indicted for assault with intent to murder, and was convicted of unlawfully shooting at another. He can not complain that the judge erred in charging the jury as to the law of voluntary manslaughter. It conclusively appears that he could not have been injured by such charge.
3. The evidence amply authorizes the verdict, and no error of law appears.

DECIDED NOVEMBER 20, 1911.

Indictment for assault with intent to murder; from Madison superior court—Judge Meadow. June 9, 1911.

*J. F. L. Bond, James H. Skelton,* for plaintiff in error.
*Thomas J. Brown, solicitor-general,* contra.

RUSSELL, J. 1. From the 4th ground of the motion for a new trial it appears, that after the case had been called for trial and both sides had announced ready, counsel for the prosecution announced that the State was ready for trial, provided Stephen O'Kelley, a witness for the State, was present; that he had been called, but had not responded. The presiding judge inquired if the witness had been subpœnaed. Counsel replied that he had been, and had promised to be on hand that morning. The judge then said: "If Mr. O'Kelley, the witness, told you that he would be here, you can count on his being here. I know him, and have known him from his childhood. I know his father. Whatever Stephen O'Kelley tells you, you can rely on it. The court will announce ready for the State." All this occurred in the presence of the jury. It is alleged that the court erred in thus commending the witness, because the jury were thereby influenced to believe his testimony in preference to the defendant's statement, which was in conflict with it.

If the probable effect of the judge's language in regard to this witness was as stated in this ground of the motion for a new trial, the accused and his counsel knew it before accepting the jurors and entering upon the trial. So far as appears, there was no objection to it until after the verdict had been rendered. "A defendant can not sit idly by and accept jurors without objection, take the chance of obtaining an acquittal, and then complain that they were influenced by a fact of which he was aware and to which he did not object before they were sworn." *White* v. *State, 7 Ga. App.* 22 (65 S. E. 1074). As to the proper mode of objection, see *Smith* v. *State, 7 Ga. App.* 252 (66 S. E. 556), and *Perdue* v. *State,* 135 *Ga.* 277. The decisions cited in support of this ground of the motion for a new trial relate to language used to or in the presence of the jury during the trial, and not to language used before entering upon the trial.

2, 3. The indictment was for assault with intent to murder. It alleged that the offense was committed by shooting a named person with a pistol. The verdict was that the defendant was "guilty of shooting another unlawfully." It is contended in behalf of the accused that there is no such offense as this, and that the verdict

is void for uncertainty. There is no merit in this contention. Under an indictment containing a single count for assault with intent to murder, there may be a conviction of the statutory offense of shooting at another, that being a lesser offense of the same general character. *Rhinehart* v. *State*, 7 *Ga. App.* 425 (66 S. E. 982); *Wostenholms* v. *State*, 70 *Ga.* 720; *Watson* v. *State*, 116 *Ga.* 607 (43 S. E. 32). "Verdicts are to have a reasonable intendment, and are to receive a reasonable construction, and are not to be avoided unless from necessity." Penal Code (1910), § 1059. It was clearly the intention of the jury in this case to find the accused guilty of the offense of shooting at another (Penal Code of 1910, § 115), as to which the court had fully instructed them. It was not necessary for the verdict to negative the statutory exception by stating that the shooting was "not in his own defense or under circumstances of justification." *Arnold* v. *State*, 51 *Ga.* 144; *Isom* v. *State*, 83 *Ga.* 378.

Complaint is made as to the "qualified manner" in which the court gave in charge to the jury the provisions of the Penal Code as to voluntary manslaughter. This did not hurt the accused, for the principles of the law of voluntary manslaughter were applied in his behalf, when the jury found him guilty of shooting at another, instead of assault with intent to murder. By this verdict for the lesser offense he got all the benefit he could have derived from a correct charge on the law of voluntary manslaughter.

Some of the grounds of the motion for a new trial complain that the court erred in not giving to the jury certain lengthy and detailed instructions set out in the motion; but it does not appear that these instructions were requested on the part of the accused.

The evidence amply authorizes the verdict, and no error of law appears. *Judgment affirmed.*