## 5356.   SMITH v. THE STATE.

There was no merit in the motion to set aside the verdict and sentence on the ground that the verdict, which found the defendant guilty of "the unlawful shooting of another," was a nullity; this court, in a former decision in this case, having decided that this verdict was "to be construed as a conviction of the statutory offense described in section 115 of the Penal Code."

DECIDED JANUARY 20, 1914.

Motion to set aside verdict, etc.; from Effingham superior court— Judge Charlton presiding. October 20, 1913.

*J. H. Smith,* for plaintiff in error.

*N. J. Norman, solicitor-general,* contra.

ROAN, J.   The accused was indicted for the offense of assault with intent to murder one DeWitt by shooting him with a pistol. The jury returned a verdict in the following language, "We, the jury, find the defendant guilty of the unlawful shooting of another." The defendant filed a motion for new trial, which was overruled; he excepted and brought his case to this court, and the judgment was affirmed. *Smith* v. *State,* 12 *Ga. App.* 667 (78 S. E. 134). The questions raised there control the points insisted upon here. It is insisted in the record now before us that the verdict and judgment should be set aside, because the verdict as set forth above is a nullity. This point, however, was expressly decided in the former decision in this case, and we must repeat that "A verdict finding one guilty of 'the unlawful shooting of another' is not a nullity," and say again that the point is without merit. It is true that the court in that opinion said that the point should have been raised differently to what it was in the record before the court at that time, but it went further in discussing the question and said, "the point is without merit." This is undoubtedly the law, even though it had not been decided in the former decision. See *Kidd* v. *State,* 10 *Ga. App.* 148 (75 S. E. 266); and *Mosley* v. *State,* 11 *Ga. App.* 8 (74 S. E. 569). The mere fact that the point is now raised in a proper way for the first time makes no difference.

*Judgment affirmed.*