*J. B. Hoyl, solicitor,* contra.

---

## 8541. ESPY v. THE STATE.

GEORGE, J. 1. Verdicts are to have a reasonable intendment, and are to receive a reasonable construction, and are not to be avoided unless from necessity. Penal Code (1910), § 1059. The verdict will be construed in the light of the maxim "Id certum est quod certum reddi potest." *Mosley* v. *State,* 11 *Ga. App.* 1 (4) (74 S. E. 569).

2. Accordingly, where the defendant is indicted for the offense of assault with intent to murder by shooting at another wilfully and feloniously with a loaded gun, a verdict in the following form: "We, the jury, find the defendant guilty of shooting at another with intent to kill, and recommend him to the mercy of the court," is not void for uncertainty, and a judgment may, by reference to the indictment, be rendered upon it for unlawfully shooting at another. Compare *Arnold* v. *State,* 51 *Ga.* 144, and cases there cited; *Kidd* v. *State,* 10 *Ga. App.* 147 (2) (75 S. E. 266). In the instant case the judge charged the jury that if they believed the defendant guilty of the offense of assault with intent to murder, the form of their verdict would be, "We, the jury, find the defendant guilty;" and that if they believed the defendant guilty of the offense of unlawfully shooting at another, the form of the verdict would be, "We, the jury, find the defendant guilty of shooting at another." The sentence imposed was under section 115 of the Penal Code (1910), fixing the punishment for the offense of unlawfully shooting at another, and the defendant can not complain.

3. On the verdict in this case, quoted above, the court rightly, by reference to the indictment and in the light of the charge submitted, entered judgment against the defendant for unlawfully shooting at another. The verdict is not to be construed as a verdict of guilty of the offense

of assault with intent to murder, since one may unlawfully shoot at another with the intent to kill him, and not be guilty of the offense of murder if death ensue, or of assault with intent to murder if death does not occur. One may unlawfully and intentionally shoot and kill, and yet be guilty of manslaughter only. One may unlawfully shoot at another with the intent to kill, and yet be guilty of unlawfully shooting only. Malice may be inferred from the act of unlawfully shooting at another with the intent to kill him, yet, under the indictment in this case and in the light of the charge of the court, the verdict of the jury does not so find, but finds merely that the shooting was unlawful and done with the intent to kill, which alone, and in the absence of a finding that the shooting was also done with malice, is an acquittal of the offense of assault with intent to murder.

4. Error is assigned upon the failure of the judge to define murder and malice and to give in charge the law of voluntary manslaughter. This did not hurt the accused, for he was acquitted of the offense of assault with intent to murder, and the omission to define murder and malice is immaterial. The principles of the law of voluntary manslaughter were applied in behalf of the accused by the verdict finding him guilty of shooting at another. He could have derived no further benefit from a full charge upon the law of voluntary manslaughter. See *Kidd* v. *State*, supra.

5. The venue was properly proved, and the evidence, including the defendant's statement, practically demanded a verdict of guilty.

    *Judgment affirmed. Wade, C. J., and Luke, J., concur.*

               DECIDED APRIL 21, 1917.

Conviction of shooting at another; from Floyd superior court— Judge Wright. February 17, 1917.

*Eubanks & Mebane,* for plaintiff in error.

*Claude H. Porter, solicitor-general,* contra.