### 10121.    AUTREY *v.* THE STATE.

Upon a trial under an indictment for assault with intent to murder, alleged to have been committed by shooting another with a pistol, a verdict finding the defendant "guilty of shooting a man" is not void for uncertainty. Its reasonable intendment and meaning is that the defendant was guilty of the offense of shooting at another, not in his own defense nor under other circumstances of justification.

DECIDED JANUARY 9, 1919.

Indictment for assault with intent to murder; from Forsyth superior court—Judge Morris. August 31, 1918.

*J. P. Brooke, R. B. Russell,* for plaintiff in error.

*John T. Dorsey, solicitor-general, Herbert Clay,* contra.

BROYLES, P. J. The indictment under which the defendant was being tried for assault with intent to murder alleged that the assault was committed upon one Jim Goswick by shooting him with a pistol. The following verdict was returned: 'We, the jury, find the defendant guilty of shooting a man and recommend that he be punished as for a misdemeanor." At the same term of court, and before sentence was pronounced, the defendant filed his motion to arrest the judgment, praying that the judgment and verdict be set aside and that he be discharged, on the ground that the verdict did not find the defendant guilty of any offense under the laws of this State, and that the verdict was not one upon which a sentence could be predicated or pronounced." This motion was overruled by the trial judge, and the defendant excepted.

In our opinion this case is controlled by the principle enunciated

in the second headnote of *Parker* v. *State*, 95 *Ga.* 482 (22 S. E. 176), where it was held: "Upon the trial of an indictment for assault with intent tó murder, alleged to have been committed by shooting another with a pistol, a verdict finding the accused 'guilty of shooting another' is not void for uncertainty. Its reasonable intendment and meaning is, that the accused was guilty of the offense of shooting at another, not in his own defense nor under other circumstances of justification." Applying the principle of that ruling to the facts of the instant case, the verdict under review is not void for uncertainty, but, as stated in the *Parker* case, "its reasonable intendment and meaning is, that the accused was guilty of the offense of shooting at another, not in his own defense nor under other circumstances of justification." See also *Arnold* v. *State*, 51 *Ga.* 144; *Kidd* v. *State*, 10 *Ga. App.* 147-9 (75 S. E. 266); *Smith* v. *State*, 14 *Ga. App.* 286 (80 S. E. 512). In our opinion the court did not err in overruling the motion to arrest the judgment.

*Judgment affirmed.   Bloodworth and Stephens, JJ., concur.*