## 11093.   CLAY *v.* THE STATE.

A verdict of guilty of "attempt to make liquor," **where** the indictment charged that the defendant "did unlawfully distil, manufacture, and make spirituous liquors, malted liquors, mixed liquors and beverages, a part of which is alcoholic," was not subject to attack by motion in arrest of judgment, on the ground that the defendant was found guilty "not of the offense charged, but of attempt to distil," and that there was no such offense under the law of this State.

DECIDED MARCH 2, 1920.

Indictment for manufacture of liquor; from Hancock superior court—Judge Park.   October 17, 1919.

*Robert H. Lewis,* for plaintiff in error.

*Doyle Campbell, solicitor-general,* contra.

BLOODWORTH, J. The indictment in this case charged that the accused "did unlawfully distil, manufacture, and make spirituous liquors, malted liquors, mixed liquors and beverages, a part of which is alchoholic." The verdict was, "We, the jury, find the defendant guilty of attempt to make liquor." The defendant filed a motion in which he alleged that the judgment should be arrested because it "appears on the face of the record that he was presented by the grand jury and tried for the offense of distilling, and that the jury found him guilty not of the offense charged, but of attempt to distil," and "there is no such offense known to the laws of Georgia as that of which he stands convicted." This motion was overruled and the movant excepted.

Section 1061 of the Penal Code (1910) is as follows: "Upon the trial of an indictment for any offense, the jury may find the accused not guilty of the offense charged in the indictment, but, if the evidence warrants it, guilty of an attempt to commit such offense, without any special count in the indictment for such attempt." This court has held that "generally the word 'liquor' implies 'intoxicating liquors.' " Smilh v. State, 17 Ga. App. 118 (1) (86 S. E. 283), and cit. It is established law in this State that "A verdict is to be given a reasonable intendment, and, when ambiguous, may be construed in the light of the issues actually submitted to the jury under the charge of the court; and if, when so construed, it expresses with reasonable certainty a finding supported by the evidence, it is to be upheld as legal." Barbour v. State, 8 Ga. App. 27, 28 (68 S. E. 458), and cit. In Warren v. Slate, 12 Ga. App. 695 (78 S. E. 202), the 2d paragraph of the decision is as follows: "On the trial of an accusation of larceny from the house, the jury found the following verdict: 'We, the jury, find the defendant not guilty as charged in the bill of indictment, but guilty of an attempt to commit larceny.' Held: Verdicts must not be avoided unless from necessity; and giving to this verdict a reasonable construction, the jury intended to find the accused guilty of an attempt to commit the crime charged in the accusation, to wit, larceny from the house, and not an attempt to commit simple larceny. Civil Code (1910), § 5927." Judge McCay, in Arnold v. State, 51 Ga. 145, 146, said: "Verdicts are to have a reasonable intendment and to receive a reasonable construction, and are not to be set aside unless from necessity: Code

3561 [§ 1059 of the Penal Code of 1910] ; 17 *Ga.* 361 ; 39 *Ibid.* 664. And this is the general spirit of the code, as well as the expression of the more universal tendency of jurisprudence towards freedom from that slavish adherence to technical nicety which is the reproach of the common law.   In every verdict there must be a reference to the indictment and the issue to make it have any meaning.   The verdict is the response of the jury to the charge and to the issue formed upon it."   See also *Autrey* v. *State*, 23 *Ga. App.* 143, 144 (97 S. E. 753) ; *Espy* v. *State*, 19 *Ga. App.* 743 (92 S. E. 229) ; *Kidd* v. *State*, 10 *Ga. App.* 149 (75 S. E. 266) ; *Wilson* v. *State*, 62 *Ga.* 167.

Under the above rulings the court properly overruled the motion in arrest of judgment.

*Judgment affirmed.   Broyles, C. J., and Luke, J., concur.*