11245.  BAYNES *v.* THE STATE.

LUKE, J.  1. The indictment is for assault with intent to murder, but embraces the minor offense of unlawfully shooting at another, as denounced by section 115 of the Penal Code (1910). The verdict is in part as follows: " We, the jury, find the defendant guilty of unlawful shooting." The remainder of the verdict fixes a punishment appropriate to the minor offense mentioned. The verdict is attacked as being void for uncertainty with reference to the offense referred to, and as being equivalent to an acquittal. *Held:*

(a) While the trial judge should not have received the verdict in the form in which it was returned, but should have taken proper steps to have it put in some one of the usual forms, yet, under the decision of the Supreme Court in *Arnold* v. *State,* 51 *Ga.* 144, it can not be held that the verdict as received was so uncertain as to be absolutely void. See also *Espy* v. *State,* 19 *Ga. App.* 743 (92 S. E. 229), and *Autrey* v. *State,* 23 *Ga. App.* 143 (97 S. E. 753).

(b) The punishment prescribed by the jury is conclusive of the want of any intention on their part to acquit the accused. Park's Penal Code, § 1059.

2. After correctly instructing the jury to fix a maximum punishment if they found the accused guilty of assault with intent to murder, the court further instructed them that if they found the defendant guilty of unlawfully shooting at another, they should " fix the minimum punishment not less than one year nor longer than four years, or any time between one and four years, as the jury should see proper." Under the latter instruction the jury fixed the punishment at a minimum of two years and a maximum of four years; but the accused complains of that instruction, because it does not direct the jury to fix a maximum as well as a minimum punishment. *Held:* While the particular part of the charge complained of was erroneous for the reason assigned, yet the jury having understood and performed their duty, by prescrib-

ing both a minimum and a maximum punishment, the error became harmless. See *Ripley* v. *State*, 7 *Ga. App.* 679 (1) (67 S. E. 834).

3. The evidence authorized the verdict, and the trial judge did not err in overruling the motion for a new trial.

(*a*) On its facts, this case is easily distinguishable from *Kendrick* v. *State*, 113 *Ga.* 759 (39 S. E. 286), and subsequent decisions to the same effect. In every case of assault with intent to murder by unlawfully shooting at another, the intent with which the shooting is done is a question exclusively for the jury. See Park's Penal Code, § 97, and annotations under the catchword "Intent" (p. 107). In the instant case the prosecutor's testimony alone is sufficient to support the verdict, but it discloses no more evidence of a specific intent to kill than must necessarily appear in every case of unlawfully shooting at another. The testimony of another witness that "Nine (the accused) told Clyde (the prosecutor) he was shooting at him to kill him" did not bring the case within the rule announced in *Kendrick's* case, supra, it not appearing when or under what circumstances such declaration of the accused was made, and the prisoner's statement to the court and jury containing an admission that he had a difficulty with the prosecutor at the time and place in question, and that some shooting was done then and there, and denying only that he was the person who did the shooting.

　　　*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*
　　　　　　　DECIDED APRIL 13, 1920.

Indictment for assault with intent to murder; from Morgan superior court — Judge Park. December 20, 1919.

*Eugene M. Baynes,* for plaintiff in error.
*Doyle Campbell, solicitor-general,* contra.