### 13434.  JOHNSON *v.* THE STATE.

The verdict finding the accused guilty of "shooting another" was not void for uncertainty, its reasonable construction being that he was guilty of the offense of shooting at another, not in his own defense nor under other circumstances of justification.

That part of the verdict which fixes the sentence at three years is equivalent to one fixing the maximum and minimum punishment at three years.

DECIDED FEBRUARY 20, 1923.

Indictment far assault with intent to murder; from Catoosa superior court—Judge Tarver. February 11, 1922.

*M. L. Harris,* for plaintiff in error.

*J. M. Lang, solicitor-general,* contra.

BLOODWORTH, J.  Plaintiff in error was tried under an indictment which charged him with assault with intent to murder, and the following verdict was returned:  "We, the jury, find the defendant guilty of shooting another, and fix his sentence at three years."  A motion in arrest of judgment was filed as follows:  "Movant shows that said verdict is illegal and void, because, 1st, it sets forth no crime under the laws of this State; 2d, it does not fix a maximum and minimum sentence as required by law."

1.  There is no merit in the 1st ground of the motion in arrest of judgment.  Section 1059 of the Penal Code (1910) says:  "Verdicts are to have a reasonable intendment, are to receive a reasonable construction, and are not to be avoided unless from necessity."  It was clearly the intention of the jury in this case to find the accused guilty of the statutory offense of shooting at another, as described in section 115 of the Penal Code, and the verdict should be so construed.  In *Parker* v. *State,* 95 *Ga.* 482 (2) (22 S. E. 276), the Supreme Court held:  "Upon the trial of an indictment for assault with intent to murder, alleged to have been committed by shooting another with a pistol, a verdict

finding the accused 'guilty of shooting another' is not void for uncertainty. Its reasonable intendment and meaning is, that the accused was guilty of the offense of shooting at another, not in his own defense nor under other circumstances of justification." See also *Smith* v. *State,* 14 *Ga. App.* 286 (80 S. E. 512) ; *Espy* v. *State,* 19 *Ga. App.* 743 (92 S. E. 229) ; *Aulrey* v. *State,* 23 *Ga. App.* 143 (97 S. E. 753). See *Baynes* v. *Stale,* 25 *Ga. App.* 188 (102 S. E. 874).

2. In answer to questions certified to it by this court, the Supreme Court said: " 1. The ruling of the Court of Appeals in *Powell* v. *Slale,* 25 *Ga. App.* 329 (5) (103 S. E. 174), is correct. 2. Where a defendant is convicted of the offense of shooting at another, and the jury fixes his sentence at three years, it is not error to overrule a motion to arrest the judgment on the ground that the verdict does not fix a maximum and minimum sentence. Giving to the verdict a reasonable intendment and construction (Civil Code of 1910, § 5927), it is equivalent to one fixing the maximum and minimum punishment at three years."

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*