## 17518.  CONLEY *v*. THE STATE.

1. The motion in arrest of judgment was properly overruled.

2. Before a judgment in a criminal case should be arrested because of a defect in the indictment, the defect should be so material as to render the trial entirely nugatory.

DECIDED AUGUST 4, 1926.

Shooting at another; from Gordon superior court—Judge Tarver.  May 24, 1926.

---

Criminal Law, 16 C. J. p. 1256, n. 94; p. 1258, n. 6.

*J. M. Lang,* for plaintiff in error.

*C. C. Pittman, solicitor-general,* contra.

BLOODWORTH, J. The accused was tried on an indictment which charged him with assault with intent to murder, and alleged that he "with force and arms, unlawfully, feloniously, with malice aforethought and with a certain loaded pistol, the same being a weapon likely to produce death, in and upon one George Conley, a human being in the peace of said State then and there being, did make an assault with the intent the said George Conley to kill and murder, and with the said loaded pistol which he, the said Alex Conley, then and there had and held, did then and there unlawfully, feloniously, and with malice aforethought shoot at—— with the intent aforesaid." Upon the trial of the case the jury returned a verdict of guilty of shooting at another. A motion in arrest of judgment was made, on the ground that the indictment did not charge the offense of shooting at another. As against a motion in arrest of judgment the allegations in the indictment are sufficiently definite to sustain the verdict rendered. The defect in the indictment is not of such materiality, is not so substantial, as to render the trial entirely nugatory. *Gazaway* v. *State,* 9 *Ga. App.* 194 (70 S. E. 978). See *Lanier* v. *State,* 5 *Ga. App.* 472 (63 S. E. 536); *Smith* v. *State,* 14 *Ga. App.* 286 (80 S. E. 512); *Johnson* v. *State,* 29 *Ga. App.* 659 (116 S. E. 226).

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*