## 23163. ARRINGTON *v.* THE STATE.

DECIDED NOVEMBER 27, 1933.

*M. B. Eubanks,* for plaintiff in error.

*James F. Kelly, solicitor-general, Barry Wright, Porter & Mebane,* contra.

MacINTYRE, J. The indictment in this case charges that A. B. Arrington did "forcibly, unlawfully, and fraudulently lead, take, and carry away, and did then and there decoy and entice away one John Berry Turbidy, a male child of the age of four years and under the age of eighteen years, from his parent, J. L. Turbidy, against the will of, and without the consent of, the said J. L. Turbidy." The verdict was: "Guilty of attempt to kidnap, min. 4 years, max. 4 yrs." The exception is that the trial judge overruled a motion in arrest of judgment, which averred: 1. That "the verdict in said case is illegal, null, and void," because "said indictment charged the defendant in the language of the statute with the completed offense of kidnapping, and did not include therein any allegation that the defendant did attempt to commit the offense charged, and the allegations as made in said indictment exclude the charge of any attempt to commit the offense charged, and was sufficient [insufficient?] to include the attempt to commit the offense, in that it failed to set forth any act of fact of the defendant done in such claimed attempt which, if true, would constitute an attempt to commit the offense charged in the indictment." 2. "That said indictment, in so far as is claimed charged the offense of attempting to commit the offense charged in said indictment was fatally defective and null and void, in that it fails utterly to charge any act or acts of defendant claimed to have been done in making an alleged attempt to commit such crime, which if true would constitute such attempt to kidnap. That said indictment charging only the completed offense does not include the attempt." 3. "The verdict in said case, taken together with the indictment, is repugnant to the indictment, and is unintelligible, and fails to set forth that such attempt was made in reference to the child named in the indictment, or that it was done in a manner condemned by statute, or against the consent and will of the alleged parent, and is therefore void." 4. "Because the verdict in said case is illegal, null, and void for the reason that it finds the defendant guilty of an offense with which he was not charged and for which he could not be legally tried under said indictment and plea."

Section 1066 of the Penal Code (1910), reads: "If any person shall attempt to commit a crime, and in such attempt shall do any act toward the commission of such crime, but shall fail in the perpetration thereof, or shall be prevented or intercepted from executing the same, he shall, in cases where no provision is otherwise made in this Code, or by law, for the punishment of such attempt, be punished as follows:" The remaining portion of this section fixes the punishment for the offense and is not pertinent to this discussion. Section 1061 of the Penal Code (1910) is as follows: "Upon the trial of an indictment for any offense, the jury may find the accused not guilty of the offense charged in the indictment, but, if the evidence warrants it, guilty of an attempt to commit such offense, without any special count in the indictment for such attempt." "When the evidence so warrants, one indicted for any offense may be lawfully convicted of an attempt to commit the same, although the attempt be not charged in the indictment." *Brownlow* v. *State,* 112 *Ga.* 405 (1). In the case of *Miller* v. *State,* 58 *Ga.* 200, where the defendant was indicted for simple larceny and found guilty of "an attempt to commit a simple larceny," and one of the grounds of the motion in arrest of judgment was, "Because the jury could not, under the pleadings in this case, find the defendant guilty of an offense more or less than what is charged in the indictment," the Supreme Court held that the motion in arrest of judgment was properly overruled. Headnote 2 of that decision is as follows: "Where the indictment is for simple larceny, and charges the stealing of cattle, a verdict finding the prisoner 'guilty of an attempt to commit a simple larceny,' is sufficiently certain and comprehensive. It need not expressly acquit of the larceny. The finding of a minor offense operates as an acquittal of the major offense charged." In the case of *Crockett* v. *State,* 80 *Ga.* 104, the defendant was indicted for arson, in that she "did wilfully and maliciously set fire to the dwelling-house of George Allen," and the jury found her guilty of "malicious mischief." In reversing the judgment of the lower court, Justice Simmons, speaking for the court, said: "We think that the court erred in not granting the motion and arresting the judgment. The defendant was indicted for a specific crime well-defined in the code, to wit, setting fire to a dwelling-house in a city. She ought to have been convicted of this offense, *or an attempt to commit it,* or

acquitted." (Italics ours.) "A verdict of guilty of 'attempt to make liquor,' where the indictment charged that the defendant 'did unlawfully distil, manufacture, and make spirituous liquors, malted liquors, mixed liquors and beverages, a part of which is alcoholic,' was not subject to attack by motion in arrest of judgment, on the ground that the defendant was found guilty 'not of the offense charged,' but of attempt to distil,' and that there was no such offense under the law of this State." *Clay* v. *State,* 24 *Ga. App.* 811.

The indictment in the case at bar fully and correctly charges the offense of kidnapping, under section 110 of the Penal Code (1910). We think that it sufficiently informed the defendant that he was charged with both the completed offense of kidnapping and an attempt to commit that offense; and he is certainly in no danger of being convicted later under the same state of facts, since his conviction of an attempt to kidnap "operates as an acquittal of the major offense charged." *Miller* v. *State,* supra. We are well aware of the rule that where the indictment charges only an attempt to commit a crime, it must aver some act toward the commission of such crime. See *Wilburn* v. *State,* 22 *Ga. App.* 613, which is strongly relied on by plaintiff in error, and cases cited therein. We think, however, that this rule is not applicable to cases where only the completed offense is charged.

There is no merit in the contention in ground 3 of the motion in arrest of judgment "that the verdict . . , taken together with the indictment, is repugnant to the indictment, and is unintelligible, and fails to set forth that such attempt was made in reference to the child named in the indictment. Under section 1059 of the Penal Code (1910), "verdicts are to have a reasonable intendment, and are to receive a reasonable construction, and are not to be avoided unless from necessity." In applying this rule, the Supreme Court, in *Arnold* v. *State,* 51 *Ga.* 144, 146, said: "If the charge be murder, and the jury say we find the defendant guilty of assault, it means of assault upon the person charged at the time and place charged, and that the assault was without justification." The indictment in the case at bar charges that a particular child was kidnapped, and the verdict can only have reference to that child. It appears, from what has already been said, that, under the indictment, the offense "was done in a manner condemned by

74

statute;" and the indictment clearly charges that the child was decoyed and enticed away "against the will of, and without the consent of," its parent.

In conclusion, we hold that there is no merit in the motion to arrest the judgment, and that the trial judge properly overruled it.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*