24692. LAWSON *v.* THE STATE.

DECIDED NOVEMBER 26, 1935.

*W. A. Dampier,* for plaintiff in error.
*J. A. Merritt, solicitor-general,* contra.

MACINTYRE, J. 1. The indictment charged the defendant with unlawfully shooting at another, but embraced the minor offense of an assault as denounced by the Code of 1933, § 26-1401, which is as follows: "An assault is an attempt to commit a violent injury upon the person of another." The verdict was: "We, the jury, find the defendant guilty of an assault and attempt, and give him one year." This verdict is attacked as void for uncertainty. "Verdicts shall have a reasonable intendment, and shall

receive a reasonable construction, and shall not be avoided unless from necessity." Code of 1933, § 110-105. "In every verdict there must be a reference to the indictment and the issue, to make it have any meaning. The verdict is the response of the jury to the charge and to the issue formed upon it." *Arnold* v. *State,* 51 *Ga.* 144. This verdict, construed with the indictment and the issue tried, means that the jury found the defendant guilty of "an assault," that is an attempt to commit a violent injury on the person named in the indictment, at the time and place charged, and without justification. The verdict was certain and valid, according to a fair construction, before it was cumbered by the addition of useless matter not qualifying the previous meaning; and the words "and attempt," being useless matter, can be rejected as surplusage. See *Baynes* v. *State,* 25 *Ga. App.* 188 (102 S. E. 874); *Espy* v. *State,* 19 *Ga. App.* 743 (92 S. E. 229); *Autrey* v. *State,* 23 *Ga. App.* 143 (97 S. E. 753); City Council of Charleston *v.* Weikman, 2 Speers (S. C.) 371. *So. Ry. Co.* v. *Oliver,* 1 *Ga. App.* 734 (58 S. E. 244).

2. When the jury found the defendant guilty of an assault (which is a misdemeanor), it was the province of the court alone to fix the punishment. When the jury undertook to fix the punishment, that part of the verdict was irregular, and the court should have so informed them and sent them to their room to correct it; but at most it was surplusage, and did not vitiate the verdict. It still remained for the court to fix the punishment; and the court accordingly did so. The opinion of the jury did not control the court. The mere fact that the court made the punishment the same as that which the jury attempted to fix is immaterial. It can not be presumed that the court did not know the law. State *v.* Greer, 22 W. Va., 800; Harvey *v.* Commonwealth, 64 Va. 941; State *v.* Matthews, 191 N. C. 378 (2) (131 S. E. 743). There is no attack in this case on the judgment; the attack is on the verdict for uncertainty. The question whether the point can be raised in a motion for new trial is not presented by the record before us. But the result is the same whether we consider the point as being improperly raised or proceed to decide it; in either event the judgment is affirmed. The question of practice is doubtful. See *Crow* v. *Crow,* 134 *Ga.* 10 (67 S. E. 400); *Smith* v. *State,* 12 *Ga. App.* 667 (78 S. E. 134);

*Kidd* v. *S'ale,* 10 *Ga. App.* 147, 149 (75 S. E. 266), in which the verdict was attacked for uncertainty in a motion for new trial (so shown by the record), and the question was passed on by the court. See *Robertson* v. *Aycock,* 170 *Ga.* 523 (2, 3) (153 S. E. 213), also the cases cited in the concurring opinion of Judge Broyles, infra. It is more satisfactory to decide the question raised in the motion for new trial than for this court to raise and decide the point of practice; for the result we reach makes a decision on the practice question immaterial. *Central of Ga. Ry. Co.* v. *Blackman,* 7 *Ga. App.* 766, 769 (68 S. E. 339).

The evidence authorized the verdict.

*Judgment affirmed. Guerry, J., concurs. Broyles, C. J., concurs specially.*

BROYLES, C. J., concurring specially. The plaintiff in error in his motion for new trial complains that the verdict, "We, the jury, find the defendant guilty of assault and attempt, and give him one year," "undertakes to find movant guilty of a crime not on the statute books of Georgia, that is 'assault and attempt.'" In my opinion this question can be raised only by a motion in arrest of judgment or by a motion to set aside the judgment. It can not be raised by a motion for new trial. "A motion in arrest of judgment differs from a motion for a new trial in this: The former *must* be predicated on some defect *which appears on the face of the record or pleadings,* while the latter *must* be predicated on some *extrinsic matter not so appearing.*" (Italics mine.) Code of 1933, § 110-703. A motion in arrest of judgment is the "proper procedure where the verdict is for some offense not covered by the charge made in the indictment. As used in this connection, the expression 'the face of the record' means, in a criminal case, the indictment and the verdict; a defect on the face of the record exists when there is any inadequacy in the allegations, not cured by the verdict, or *where the verdict does not conform to the charge in the indictment.*" (Italics mine.) *Spence* v. *State,* 7 *Ga. App.* 825 (68 S. E. 443). See also the following cases where the question was raised by a motion in arrest of judgment: *Couch* v. *State,* 28 *Ga.* 367; *Gibson* v. *State,* 79 *Ga.* 344 (2); *O'Connell* v. *State,* 55 *Ga.* 191; *Isom* v. *State,* 83 *Ga.* 378 (9 S. E. 1051); *Thomas* v. *State,* 38 *Ga.* 117; *Welch* v. *State,* 50 *Ga.* 128 (15 Am. R. 690); *Arnold* v. *State,* 51 *Ga.* 144; *Watson* v. *State,* 116 *Ga.*

184

607 (6) (43 S. E. 32, 21 L. R. A. (N. S.) 1); *Lanier* v. *State,* 5 *Ga. App.* 472 (63 S. E. 536); *Smith* v. *State,* 12 *Ga. App.* 667, 668 (78 S. E. 134). It follows that the amendment to the motion for new trial should not be considered by this court. I concur in the judgment that the verdict was authorized by the evidence.