## 32349. COX v. THE STATE.

DECIDED APRIL 30, 1949.

H. *Alonzo Woods*, for plaintiff in error.

W. H. *Lanier, Solicitor-General*, contra.

MacINTYRE, P. J.  Billie Hall Cox was indicted for assault with intent to commit murder, and convicted of assault and battery, in the Superior Court of Emanuel County.  Her motion for a new trial, based on the general and nine special grounds, was overruled and she excepted.

In special ground 7, the error assigned is that the verdict is void for uncertainty.  As recited in the bill of exceptions, "the verdict in full after having been written one time and erased [was] exactly as follows:  'We, the jury, find the defendant guilty of assault and battery, or to battery,' one or the two of those words being seemingly intended, and just over the word battery, the word attempt was written with seemingly a mark across it and dated as October 13, 1948, signed by E. B. Riner, Foreman."  " 'Verdicts shall have a reasonable intendment, and shall receive a reasonable construction, and shall not be avoided unless from necessity.'  Code of 1933, § 110-105.  'In every verdict there must be a reference to the indictment and the issue, to make it have any meaning.  The verdict is the response of the jury to the charge and to the issue formed upon it.'  *Arnold* v. *State*, 51 *Ga.* 144."  *Lawson* v. *State*, 52 *Ga. App.* 181 (182 S. E. 820); *Mosley* v. *State*, 11 *Ga. App.* 1 (4) (74 S. E. 569).

The verdict, construed with the indictment, the charge of the court, and the issue tried, means that the jury found the defendant guilty of an assault and battery.  The verdict is not void for uncertainty, and a judgment by reference to the indictment could be rendered upon it for assault and battery.  The court charged the jury that there were only three verdicts that could be found under the indictment and the evidence:  one, not guilty; two, assault with intent to murder; or three, assault and battery.  The court charged the jury that, if it believed the defendant guilty of an assault with intent to murder, it should so find; and that, if it believed that the defendant was not guilty of an assault with intent to murder, but was guilty of an assault

204

and battery, the form of the verdict would be as follows: "We, the jury find the defendant guilty of assault and battery." The sentence of the court imposed was that fixing the punishment for assault and battery, and the defendant cannot complain. *Espy* v. *State*, 19 *Ga. App.* 743 (2) (92 S. E. 229). It follows that special ground 7 is not meritorious.

■ In special ground 9, error is assigned "because the court in its charge, relative to the finding of the defendant guilty of a misdemeanor, did not in any way instruct the jury what the punishment, under the law, in that event could have been, whether not less than one nor longer than twelve months in the penitentiary, whether not less than one or more than a $1000 fine, nor whether not less than one nor longer than six months in jail, either one, two, or all three of these; this being within the discretion of the court." This contention has been answered adversely to the defendant in the decision of *Fanning* v. *State*, 52 *Ga. App.* 66 (1) (182 S. E. 410)*.

■ There are other assignments of error which do not require the grant of a new trial, but they involve propositions of law which are well established, and a discussion of them here would not be of any practical benefit.

■ The evidence authorized the verdict, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Gardner and Townsend, JJ., concur.*