58928. STOCKS v. THE STATE.

SHULMAN, Judge.

Defendant appeals his conviction on the offense of first degree forgery. Finding no reversible error, we affirm.

1. Appellant complains of the denial of his motion for a directed verdict of acquittal, contending that there was no evidence to support the jury's determination that defendant had acted without authority in withdrawing funds from the account of one William Chubbs.

Although there was conflicting evidence on the issue of whether or not Mr. Chubbs had acquiesced on the withdrawal of funds from his account, Mr. Chubbs himself testified that he had not given defendant permission to use his passbook. Thus, despite the fact that a statement of Mr. Chubbs was introduced wherein he stated that he had authorized the defendant to withdraw funds from his account, the evidence supporting the state's contentions that defendant acted without authority (Mr. Chubbs' in-court testimony, along with the bank teller's testimony that defendant did not present himself as an agent for Mr. Chubbs) warranted the denial of defendant's motion for directed verdict. See *Smith v. State,* 146 Ga. App. 444 (3) (246 SE2d 454). See generally *Williams v. State,* 143 Ga. App. 177 (237 SE2d 677), citing *Johnson v. State,* 69 Ga. App. 663 (26 SE2d 482).

2. Even assuming that defendant had timely requested that the principles of *Morgan v. State,* 77 Ga. App. 164 (48 SE2d 115), be instructed to the jury, since there were no facts in the case at bar to support the assertion that the " 'instrument purport[ed] on its face to be executed by [the defendant] as the agent of the principal,' " (id., p. 165), the court properly refused a request to charge not applicable to the facts of the case. See generally *Smith v. State,* 85 Ga. App. 459 (4) (69 SE2d 281).

3. In his last enumeration of error, appellant asserts that the verdict, which read "We, the Jury, find the Defendant guilty with intent to defraud," was a nullity in that it indicated a finding of a crime not charged. We hold in accordance with the trial court that the words "intent to defraud" were mere surplusage and did not negate or otherwise affect the jury's obvious general verdict of guilty of the offense of forgery in the first degree.

The indictment charged that defendant did "unlawfully *with intent to defraud...* knowingly possess and utter a certain writing." (Emphasis supplied.) The verdict ("guilty with intent to defraud") construed with

the indictment, the charge of the court and the issue tried, means that the jury found the defendant guilty of forgery in the first degree. See, e.g., *Cox v. State,* 79 Ga. App. 202 (1) (53 SE2d 221). "The verdict was certain and valid, according to a fair construction, before it was cumbered by the addition of useless matter not qualifying the previous meaning [i.e., "with intent to defraud"]; and [these words] being useless matter, can be rejected as surplusage. [Cits.]" *Lawson v. State,* 52 Ga. App. 181 (1) (182 SE 820).

This being so, the verdict was not a nullity, and the court properly entered judgment thereon.

*Judgment affirmed. Deen, C. J., and Carley, J., concur.*

SUBMITTED NOVEMBER 6, 1979 — DECIDED JANUARY 11, 1980.

*John E. Sawhill, III,* for appellant.
*F. Larry Salmon, District Attorney, Robert D. Engelhart, Assistant District Attorney,* for appellee.